Enedino ESCOBEDO a/k/a, Enedino Davila Escobedo, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–90–015–CR.

Court of Appeals of Texas, Corpus Christi.

Feb. 21, 1991.

Charles A. Banker, McAllen, for appellant.

Rene Guerra, Dist. Atty., Edinburg, for appellee.

Before NYE, C.J., and HINOJOSA and SEERDEN, JJ.

## OPINION

HINOJOSA, Justice.

A jury found appellant, Enedino Escobedo, guilty of murder. *See* Tex.Penal Code Ann. § 19.02(a) (Vernon 1989). His punishment was assessed at confinement for ninety-nine years in the Texas Department of Criminal Justice, Institutional Division. He appeals by two points of error.

On December 21, 1988, appellant walked into the lobby of the Donna Police Department and voluntarily stated that he had killed his wife. Police went to his residence and discovered Maria Escobedo's body. Serious injuries to her head were evident. A baseball bat was lying next to her. Appellant admitted to striking her in the head with the baseball bat. Appellant was tried and convicted of murder.

■ By his first point of error, appellant challenges the trial court's submission of the verdict form to the jury. The trial court submitted a general verdict form on the charge of murder. Appellant's indictment alleged one count of murder in two separate paragraphs, *see* Tex.Penal Code Ann. § 19.02(a)(1) and (2). Appellant claims the trial court should have submitted a verdict form for each paragraph in the indictment.

■ The general rule is found in *Aguirre v. State*, 732 S.W.2d 320, 326 (Tex. Crim.App.1987). A general verdict is proper if different ways of committing one offense are charged. *Id.* at 326. Indeed, this form of submission is required by Tex. Code Crim.Proc.Ann. art. 37.07, § 1(a) (Vernon 1989).

Only one offense was charged and proven: murder. Tex.Penal Code Ann.

**862**

§ 19.02(a). Two separate means of committing murder were set forth in the indictment and the charge: 1) causing death intentionally or knowingly; or 2) causing death, intending to cause serious bodily injury, and committing an act clearly dangerous to human life. These are merely different ways of committing the same offense; thus the general verdict was proper. *Aguirre,* 732 S.W.2d at 326.

■ Appellant argues that part of the jury could have believed one theory but not the other. In that case, he argues, appellant would be deprived of his constitutional right to a unanimous verdict in a criminal case. Tex. Const. art. I, § 19. We disagree. Appellant was only charged with the commission of a single murder; thus he was not entitled to two separate verdicts. If multiple murders, or a single murder and another crime, were charged, separate verdicts would be required by Tex.Code Crim. Proc. art. 37.07, § 1(c), but not otherwise. We overrule appellant's first point of error.

■ By appellant's second point of error, he complains that there is insufficient evidence to sustain the jury verdict against him on the charge of murder. Specifically, he argues that there is insufficient evidence of the second charge: that he intended to cause serious bodily injury, committed an act clearly dangerous to human life, and caused death.

The standard of review for sufficiency of the evidence in criminal cases is, viewing all the evidence in the light most favorable to the verdict, whether any rational trier of fact could have found all the essential elements of the crime beyond a reasonable doubt. *Marroquin v. State,* 746 S.W.2d 747, 750 (Tex.Crim.App.1988); *Nieto v. State,* 767 S.W.2d 905, 908 (Tex.App.—Corpus Christi 1989, no pet.); *Arguijo v. State,* 738 S.W.2d 367, 369 (Tex.App.—Corpus Christi 1987, no pet.).

The evidence showed that appellant struck the victim's head with a baseball bat. This is an act clearly dangerous to human life, and it eventually caused her death. From the circumstances the jury could infer that appellant was either intending to seriously injure the victim, or to kill her. Either finding would establish the necessary elements for murder; therefore the evidence is sufficient. *Aguirre,* 732 S.W.2d at 326. We hold the evidence was sufficient to support the conviction on either theory. Appellant's second point of error is overruled and his conviction AFFIRMED.