**Kenneth ROONEY, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2-90-045-CR.**

Court of Appeals of Texas,
Fort Worth.

Sept. 11, 1991.

Jelly L. Wood, Fort Worth, for appellant.

Tim Curry, Crim. Dist. Atty., C. Chris Marshall and Lisa McMinn, Asst. Crim. Dist. Attys., Fort Worth, for appellee.

Before HILL, FARRIS and MEYERS, JJ.

## OPINION

HILL, Justice.

Kenneth Rooney appeals his conviction by a jury of the offense of murder. The jury assessed his punishment at ninety-nine years in the Texas Department of Corrections, now the Texas Department of Criminal Justice, Institutional Division. He contends in three points of error that the trial court: (1) committed fundamental error in its imprecise and confusing response to the jury concerning the jury's question about Paragraphs One and Two of the court's charge on guilt or innocence; (2) committed reversible error in overruling his objection to the State and the State's witnesses referring to him as "Dead Eye"; and (3) committed fundamental error in allowing the State to introduce hearsay testimony of a witness who did not testify in the case.

We affirm because we hold that: (1) the court properly responded to the jury's question concerning Paragraphs One and Two of the charge; the court was not required to instruct the jury that a unanimous finding was required under either Paragraph One or Two; and, even if the court did err, Rooney waived error because he failed to object to the court's response to the jury; (2) the court did not err in allowing Rooney to be referred to as "Dead Eye," the only name some of the witnesses knew him by; and (3) Rooney failed to object to the hearsay testimony of a witness, and we hold beyond a reasonable doubt that such testimony did not contribute to Rooney's conviction or punishment.

On the evening of November 13, 1988, Eric Criss, the deceased, and Rooney got into an argument at the Stop Six Projects in Fort Worth. Criss accused Rooney of selling him fake drugs and demanded that Rooney give him back his $10.00. Billy Criss, Eric's brother, joined him in trying to forcibly take the money from Rooney. Rooney broke away and returned approximately fifteen minutes later with a gun. A second argument erupted after Eric again demanded his money back. Rooney shot Eric, then fled the scene. Eric died at the hospital a short time later.

Rooney contends in point of error number one that the trial court committed fundamental error in its imprecise and confusing response to the jury concerning the jury's question about Paragraphs One and Two of the charge. Although Rooney's brief states that he is complaining about Paragraphs One and Two of the indictment, the argument under point of error number one clearly shows that Rooney is complaining about the charge that, in turn, tracks the indictment. Paragraphs One and Two set forth two different ways in which the jury may find that Rooney committed murder, and Rooney argues that the court's response to the jury's question about the two paragraphs was error because the court should have instructed the jury that it was required to make a unanimous finding under either Paragraph One or Paragraph Two in order to convict for murder. Rooney also argues that the court's failure to properly respond to the jury's question constituted an impermissible comment on the weight of the evidence.

The trial court gave the following charge to the jury respecting the charge of murder:

### PARAGRAPH ONE

Now if you find from the evidence beyond a reasonable doubt that on or about the 13th day of November, 1988, in Tarrant County, Texas, the defendant, Kenneth Rooney, did then and there intentionally or knowingly cause the death of an individual, Eric Criss, by shooting Eric Criss with a deadly weapon, to-wit, a firearm, as alleged in the indictment, and that the defendant, in so acting, was not acting under the immediate influence of sudden passion arising from an adequate cause, then you will find the defendant guilty of murder as charged in Paragraph One of the indictment.

### —OR—

### PARAGRAPH TWO

If you find from the evidence beyond a reasonable doubt that on or about the 13th day of November, 1988, in Tarrant County, Texas, the defendant, Kenneth Rooney, did then and there intentionally with the intent to cause serious bodily injury to Eric Criss, commit an act clearly dangerous to human life, namely, by shooting Eric Criss with a deadly weapon, to-wit, a firearm, which caused the death of Eric Criss, as charged in the indictment, and that the defendant, in so acting, was not acting under the immediate influence of sudden passion arising from an adequate cause, then you will find the defendant guilty of murder as charged in Paragraph Two of the indictment.

Unless you so find and believe from the evidence beyond a reasonable doubt, or if you have a reasonable doubt that the defendant is guilty of murder as charged in Paragraph One or Two of the indictment, then you will acquit the defendant of murder and proceed to consider whether he is guilty of the offense of voluntary manslaughter.

After the jury began its deliberations, the jury returned a note to the trial court, asking, "Does it make a difference between murder 1st paragraph one or paragraph two? Must there be a consensus on par #1 or #2?" The trial court replied in writing, "In response to your note inquiring about the difference between Paragraph One and Paragraph Two, I can instruct you no further in this regard. I refer you to the charge as submitted. Please continue your deliberations."

The charge contained only one verdict form for the offense of murder. It read, "We, the Jury, find the Defendant, Kenneth Rooney, guilty of the offense of murder, as charged in the indictment." The jury foreperson signed that verdict form.

 Paragraphs One and Two alleged two different ways of committing murder under TEX.PENAL CODE ANN. sec. 19.02 (Vernon 1989). In such a case there need be but a general verdict form. *Aguirre v. State*, 732 S.W.2d 320, 325–26 (Tex.Crim. App. [Panel Op.] 1987) (opinion on reh'g). It is therefore not required for the jury to designate under which theory it found the defendant guilty. Consequently, we find

that the trial court did not err in submitting a general verdict form with the requirement that the jury could find Rooney guilty if they found beyond a reasonable doubt that he had committed murder as charged in the indictment. *See* TEX.CODE CRIM.PROC.ANN. art. 37.07, § 1(a) (Vernon 1981). In addition, since Rooney has failed to show that he made any objection to the trial court's response to the jury note, nothing is preserved for review. *See Sutton v. State*, 419 S.W.2d 857, 859 (Tex. Crim.App.), *cert. denied*, 392 U.S. 911, 88 S.Ct. 2070, 20 L.Ed.2d 1369 (1968). Finally, we find no merit to Rooney's contention that the court's failure to instruct the jury that a unanimous finding was required under either Paragraph One or Two constituted a comment on the weight of the evidence. We overrule point of error number one.

■ Rooney urges in point of error number two that the trial court committed reversible error in overruling his objection to the State and the State's witnesses referring to him as "Dead Eye." Many of the witnesses, including Rooney and the deceased, had street names. At least three witnesses did not know Rooney by his true name, but only by the name "Dead Eye." In order to avoid confusion, establish continuity through the trial, and to identify Rooney, it was necessary that he be referred to by the name under which the witnesses knew him. We also note that Rooney's counsel also used the name in the examination of witnesses.

Rooney relies on the cases of *Renn v. State*, 495 S.W.2d 922 (Tex.Crim.App.1973) and *Martinez v. State*, 169 Tex.Crim. 151, 332 S.W.2d 718 (1960). These cases involved references to a defendant as a "hippie, anti-Christ, Commie" and as a "thug, thief, and vagrant." Neither of the cases relied upon involved a nickname so commonly used by the defendant that others knew him only by that name. We overrule point of error number two.

■ Rooney asserts in point of error number three that the trial court committed fundamental error in allowing the State to introduce hearsay testimony. Homicide Detective Curtis Brannan testified that he had been told that a Ms. Alfaretta Jackson was an eyewitness to the shooting. He said that when he showed her a photospread she picked Rooney from the photospread and said that the picture was that of "Dead Eye." Because Rooney made no objection to the testimony, nothing is presented for review. *Haynes v. State*, 627 S.W.2d 710, 712 (Tex.Crim.App.1982). Also, Rooney's defense was self defense. Rooney admitted shooting Criss, so identity was not an issue. Consequently, we hold that any error in the admission of such testimony was harmless because we find beyond a reasonable doubt that such testimony did not contribute either to Rooney's conviction or to his punishment. We overrule point of error number three.

The judgment is affirmed.