**Kelvin Ray GRAY, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–97–432–CR.**

Court of Appeals of Texas,
Fort Worth.

Sept. 10, 1998.

Publication Ordered Oct. 29, 1998.

Terry D. Lewis, Fort Worth, for Appellant.

Tim Curry, Criminal D.A., Chuck Mallin Asst. D.A., Chief of the Appellate Division, John A. Stride, Ken Cutrer, Stuart Oliphant, Asst. D.A.'s, Fort Worth, for Appellee.

Before CAYCE, C.J., HOLMAN, J., and H. BRYAN POFF, Jr., J. (Retired, Sitting by Assignment).

## OPINION

H. BRYAN POFF, Jr., Justice (Retired).

A jury found the appellant, Kelvin Ray Gray, guilty of murder, and assessed his punishment at fifteen years' confinement in the Texas Department of Criminal Justice, Institutional Division. The appellant brings two points on appeal. In his first point, he contends that the court erred in not granting his motion for new trial. In point two, he contends the court erred in overruling his objection to certain portions of the State's closing argument at the guilt/innocence phase of his trial. Finding no error, we overrule both points and affirm the judgment and sentence.

In his first point, the appellant argues that the trial court erred in not granting his motion for new trial. The granting or denying of a motion for new trial lies within the sound discretion of the trial court. *See Lewis v. State*, 911 S.W.2d 1, 7 (Tex.Crim. App.1995). The appellant contends the court abused its discretion in not granting his motion because the evidence was insufficient to sustain the verdict of murder. He argues that "Kelvin Ray Gray was guilty of manslaughter or deadly conduct, but not murder." The appellant bases his contention on his belief that the evidence failed to show he possessed the requisite intent to kill.[1]

---

1. The appellant does not deny firing the shot that caused the fatal injury. He contends, however, that the evidence showed that he only fired the weapon in a manner meant to scare the deceased, not fatally wound him.

The State contends that the intent may be assumed from the circumstances surrounding the crime, but they also contend that the appellant's first point presents nothing for review. The State argues that the appellant failed to preserve any error because he failed to show that he presented his motion for new trial to the court as required by TEX.R.APP. P. 21.6 (formerly Rule 31(a)(1)). According to the State, because the motion for new trial was not presented to the court, the court's failure to rule on the motion could not have been an abuse of discretion.

The record reflects that the State is correct in its assertion that there is no showing that the motion for new trial was presented to the court. The record also does not show that the court ruled on the motion or took any action regarding the motion. The motion for new trial was overruled by operation of law. Absent a ruling by the court or a showing that the motion for new trial was presented to the trial court, the appellant has no grounds for complaint on appeal. *See Musgrove v. State*, 960 S.W.2d 74, 75 (Tex. Crim.App.1998); *Gibbs v. State*, 819 S.W.2d 821, 836 (Tex.Crim.App.1991), *cert. denied*, 502 U.S. 1107, 112 S.Ct. 1205, 117 L.Ed.2d 444 (1992); *Price v. State*, 840 S.W.2d 694, 697 (Tex.App.—Corpus Christi 1992, pet. ref'd). Since the appellant's motion for new trial was not presented to the court, the court could not have abused its discretion in failing to grant the motion. *See Musgrove*, 960 S.W.2d at 75; *Gibbs*, 819 S.W.2d at 836. We overrule the first point.

■ In his second point, the appellant contends that the trial court erred in overruling his objection to the following argument made by the State during its closing argument in the guilt/innocence phase of the trial:

On the murder charge, there are two different ways in which you can convict Kelvin Gray of murder. One is that he did it intentionally or knowingly, that he intended everything that he did out there that night. And I think the evidence showed that he did exactly that. He intentionally or knowingly took the life of Marlan Evans by shooting him.

The other way that murder is proved is by a the showing that he intended to commit serious bodily injury to Marlan Evans, and he did an act clearly dangerous to human life, that being he shot him.

Either one of those theories of murder is sufficient to convict him of murder. And the twelve of you do not have to agree on one or the other. Six of you could believe that he intended to commit serious bodily injury and did an act clearly dangerous to human life, and six of you could believe that he did it intentionally or knowingly.

The appellant objected that the argument was a misstatement of the law. The court overruled the objection.

The appellant argues on appeal that the State's argument was a misstatement of the law because "the State was, in effect, telling the jury that their verdict need not be a unanimous decision." The appellant argues that such argument is contrary to our constitution and statutes, which require a unanimous verdict in criminal cases. *See* TEX. CONST. art. V, § 13; TEX.CODE CRIM. PROC. ANN. art. 36.29 (Vernon Supp.1998); *Brown v. State*, 508 S.W.2d 91, 93 (Tex.Crim.App. 1974).

The appellant characterizes the argument as an attempt to lead the jury to believe a split decision on the means of committing the murder was a unanimous verdict. He assumes that if the jury followed the State's argument some jurors could find he intended to commit serious bodily injury and acted in a clearly dangerous manner to human life while other jurors found he intentionally and knowingly murdered the deceased. In such a case, the appellant contends he would be denied his right to a unanimous verdict. The appellant also argues that the argument is an invitation to the jury to disregard the court's instruction that their verdict must be unanimous. The appellant finally concludes that the argument was in conflict with TEX.CODE CRIM. PROC. ANN. art. 37.07, § 1(c) (Vernon 1981), wherein the jury is required to return a finding of guilty as to each count and offense submitted to them.

■ If the jury charge in the appellant's case had contained multiple counts or multiple offenses, his reliance on article 37.07, section 1(c) could be well placed. The

charge, however, did not contain multiple counts or multiple offenses. His reliance upon article 37.07 is thus misplaced. The appellant has mistaken those parts of the charge which set out the two means of committing the murder with allegations of separate counts of murder. The court's charge did not contain two counts of murder, but rather two ways or means of committing the murder. The appellant was only indicted for one murder and the fact that the indictment alleged alternative means of committing the murder did not make the indictment a two-count indictment.[2] The appellant also did not challenge the alternative allegations in the indictment nor does he contend that the evidence did not raise both means of committing the offense.

 It is appropriate, where alternative theories of committing the same offense are submitted to the jury in the disjunctive, for the jury to return a general verdict.[3] *See Kitchens v. State,* 823 S.W.2d 256, 258 (Tex. Crim.App.1991) (citing *Aguirre v. State,* 732 S.W.2d 320, 326 (Tex.Crim.App.1987) (op. on reh'g)); *Rooney v. State,* 815 S.W.2d 903, 905 (Tex.App.—Fort Worth 1991, no pet.). The general rule is found in *Aguirre* wherein it is held that a general verdict is proper even when the jury charge contains different means of committing the offense. *See Aguirre,* 732 S.W.2d at 326; *Escobedo v. State,* 805 S.W.2d 860, 861 (Tex.App.—Corpus Christi 1991, no pet.).[4]

 The appellant argues, however, that even if the verdict is required to be general, the jury verdict must be unanimous. He concludes that for the verdict to be unanimous, the jurors must all agree on how he committed the murder. The cases, however, hold to the contrary, for there is no requirement under a general charge that the jurors

designate which of the alternative means of committing the offense they found to have been proven. *See Kitchens,* 823 S.W.2d at 258; *Aguirre,* 732 S.W.2d at 326; *Rooney,* 815 S.W.2d at 903. There is no general requirement that the jury reach agreement on the preliminary factual issues which underlie the verdict. *See Kitchens,* 823 S.W.2d at 258 (citing *Schad v. Arizona,* 501 U.S. 624, 111 S.Ct. 2491, 115 L.Ed.2d 555 (1991) (plurality op.)); *Nevarez v. State,* 847 S.W.2d 637, 644 (Tex.App.—El Paso 1993, pet. ref'd); *Contreras v. State,* 838 S.W.2d 594, 605 (Tex. App.—Corpus Christi 1992, pet. ref'd). We thus find that just as it is not error to deny a charge requiring the jurors to unanimously agree upon the means of committing the offense, it is not error for the State to argue that such agreement is unnecessary.

 The State's argument was thus not a misstatement of the law nor was it an attempt to have the jury disregard the court's instructions. The argument was instead an explanation of how the jury could return a unanimous verdict of guilty, even if they did not agree on what means the appellant used to commit the murder. An explanation of the court's charge is permissible argument under *Alejandro v. State,* 493 S.W.2d 230, 231–32 (Tex.Crim.App.1973) and its progeny. The argument being proper, the court did not err in overruling the objection. We overrule the second point.

All points having been overruled, the judgment is affirmed.

---

2. Alternative pleading of differing methods of committing one offense may be charged in one indictment. *See Marquez v. State,* 725 S.W.2d 217, 239 (Tex.Crim.App.), *cert. denied,* 484 U.S. 872, 108 S.Ct. 201, 98 L.Ed.2d 152 (1987). The jury may also be charged in the disjunctive in separate paragraphs regarding the means of committing an offense. *See Kitchens v. State,* 823 S.W.2d 256, 258 (Tex.Crim.App.1991).

3. It is not error to deny a request for a special verdict requiring the jury to unanimously agree

on one theory of capital murder when the indictment charged and the facts raised evidence of two means of committing the murder. *See Vargas v. State,* 830 S.W.2d 656, 658 (Tex.App.—Houston [1st Dist.] 1992, pet. ref'd).

4. The charge in *Escobedo* was identical to the charge in the appellant's case. The *Escobedo* jury was charged that the murder was committed either by dangerous conduct or knowing and willful conduct.