NO. 12-00-00074-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


JAMES HOSEY,
§
 APPEAL FROM THE 241ST

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 SMITH COUNTY, TEXAS






 James Hosey ("Appellant") appeals his conviction for aggravated assault. A jury found
Appellant guilty and assessed his punishment at twenty years of imprisonment. He raises three
issues on appeal complaining of the jury charge and the admission of certain evidence. We affirm.

 Appellant was indicted for assaulting Virginia Wyatt ("Wyatt") by threatening her with a
deadly weapon, threatening her with a broken bottle, and causing bodily injury by striking her with
a sock containing canned food, all of which were capable, in the manner and means of their use, of
causing serious bodily injury or death. The record before us reflects that the victim and Appellant
had been "pen pals" while they were both in prison, and that the alleged assault occurred when he
was released from prison.

 Appellant contends that the trial court committed reversible error by not giving his requested
charge that the jury's verdict must be unanimous on the manner and means by which the offense was
committed. He argues that since the State alleged three ways the offense was committed, that the
jury must be unanimous on whether Wyatt was threatened with a deadly weapon, threatened with
a broken bottle, or caused bodily injury by being struck with a sock containing a can of food. The
trial court denied his request.

 The trial court did charge the jury that they could find Appellant guilty under any one of the
three theories and that they had to be unanimous as to his guilt. When alternative theories of
committing the same offense are submitted to the jury, it is appropriate for the jury to return a
general verdict. Gray v. State, 980 S.W.2d 772, 775 (Tex. App.- Fort Worth 1998, no pet.). Also,
there is no requirement under a general charge that the jurors designate which of the alternative
theories of committing the offense they believed. Kitchens v. State, 823 S.W.2d 256 258 (Tex.
Crim. App. 1991). We conclude that the trial court properly instructed the jury. Appellant's first
issue is overruled.

 In his second issue, Appellant contends that the trial court erred by denying his motion for
mistrial following counsel's objection to Wyatt's response to the question if Appellant made contact
with her after they were "pen pals." Her answer was "when he was released from prison." Counsel
objected that the answer was non-responsive and violated the motion in limine against the mention
of extraneous offenses. The trial court instructed the jury to disregard the answer but denied the
motion for mistrial.

 Unless it appears from the record that the evidence was so clearly calculated to inflame the
minds of the jury or is of such damning character as to be impossible to remove the harmful
impression from the jurors' minds, a reference or implication to extraneous offenses can be rendered
harmless by an instruction from the trial court to disregard. Gardener v. State, 730 S.W.2d 675,
696-97 (Tex. Crim. App. 1987); Hughes v. State, 962 S.W.2d 89, 92 (Tex. App.- Houston [1st
Dist.] 1997, pet. ref'd). Although any reference to a defendant's prior incarceration is inadmissible,
the court of criminal appeals has held that an uninvited and unembellished mention of prior
incarceration was not so inflammatory as to be incurable by the court's instruction to disregard. 
Kemp v. State, 846 S.W.2d 289, 308 (Tex. Crim. App. 1992); Hughes, 962 S.W.2d at 90.

 On direct examination of Wyatt, the State established that she had been in prison and had met
Appellant's sister there. Wyatt stated that she and Appellant had been "pen pals" for more than three
years. When asked at what point after she was released from prison did she have personal contact
with Appellant, she testified that it was "when he was released from prison." Although it is
impossible to ascertain Wyatt's intent, it appears from the record that the State did not invite her to
testify about Appellant's imprisonment. Therefore, we conclude it was uninvited and unembellished
by the State. Following Kemp and Hughes, we hold that under the facts of this case, the reference
was cured and rendered harmless by the trial court's instruction to disregard. Thus, Appellant's
second issue is overruled.

 Appellant contends in his third issue, that it was error for the trial court to allow him to be
cross-examined about his prior offenses since he had no notice. Appellant testified that it was Wyatt,
not him, who was the aggressor in the incident. He stated that she used the can in the sock on him. 
By testifying, Appellant put his credibility into issue with the jury. The State advised the court that
since the "door had been opened," it intended to introduce evidence of other acts by Appellant. The
State proceeded to ask about the facts of convictions which Appellant had admitted and inquired
into other assaults and family violence incidents, one in which a can in a sock was used, as was
alleged in the instant case. 

 When a defendant puts his credibility into issue, the State may then impeach him as any other
witness. He may be questioned about prior offenses in an effort to reveal to the jury that his
testimony is not credible. Norris v. State, 902 S.W.2d 428, 441 (Tex. Crim. App. 1995). We hold
the trial court properly allowed the cross-examination. Therefore, Appellant's third issue is
overruled.

 We hold that there was no error in the judgment of the trial court; therefore, the judgment is
affirmed.

 SAM GRIFFITH 

 Justice



Opinion delivered July 25, 2001.

Panel consisted of Davis, C.J., Worthen, J., and Griffith, J.





(DO NOT PUBLISH)