COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
        
                                    NOS.  2-03-176-CR
2-03-177-CR
2-03-178-CR
 
 
ALFREDO 
ARIZMENDI                                                            APPELLANT
 
V.
 
THE 
STATE OF TEXAS                                                                  STATE
 
 
------------
 
FROM 
CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
 
I. Introduction
        Appellant 
Alfredo Arizmendi pleaded guilty to three offenses: two charges of indecency 
with a child and one charge of aggravated sexual assault of a child.  The 
trial court found Arizmendi guilty of all three offenses and assessed his 
punishment at twenty years’ confinement for each indecency offense and forty 
years’ confinement for the aggravated sexual assault.  In three points, 
Arizmendi complains that the trial court erred by failing to grant him a hearing 
on his motion for new trial and that his trial counsel was ineffective.  We 
will affirm.
II. Procedural 
Background
        After 
accepting Arizmendi’s guilty pleas and finding Arizmendi guilty, the trial 
court ordered a pre-sentence investigation report.  Subsequently, the trial 
court conducted a sentencing hearing. Defense counsel called several witnesses 
to testify on Arizmendi’s behalf.
        Lawrin 
Dean, a therapist, testified that she worked with Arizmendi pursuant to a 
voluntary referral from Child Protective Services.  She testified that 
Arizmendi had submitted to a psychosexual evaluation and had been in treatment 
for six months.  Dean testified that Arizmendi had attended sessions 
regularly and was a good candidate for treatment.
        Cathy 
Alford,[2] appellant’s girlfriend, provided evidence 
of Arizmendi’s good character and suitability for probation.  She 
testified that Arizmendi was remorseful for his actions, was a hard worker, and 
was a good person who regularly attended church.
        Arizmendi’s 
father, Raul Arizmendi, testified that his son was a wonderful person and a good 
candidate for probation.  Arizmendi’s father also testified that his 
family would support Arizmendi in his efforts to complete probation.
        After 
considering the pre-sentence investigation report and the testimony of 
Arizmendi’s witnesses, the court assessed punishment at twenty years’ 
confinement in each of the indecency cases and forty years’ confinement for 
the aggravated sexual assault case.
III. No Hearing 
on Motions for New Trial
        In 
his first point, Arizmendi claims that the trial court committed reversible 
error by failing to conduct a hearing on the motions for new trial that he filed 
concerning each of his convictions, alleging ineffective assistance of 
counsel.  A trial court is not required to conduct a hearing on a timely 
filed motion for new trial unless the defendant presents the motion to the trial 
court.  Tex. R. App. P. 21.6; 
Carranza v. State, 960 S.W.2d 76, 77 (Tex. Crim. App. 1998); Gray v. 
State, 980 S.W.2d 772, 774 (Tex. App.—Fort Worth 1998, no pet.).  A 
defendant satisfies the presentment requirement when the record shows that he 
actually delivered the motion for new trial to the trial court or otherwise 
brought the motion to the attention or actual notice of the trial court.  Carranza, 
960 S.W.2d at 79.  Simply filing a motion for new trial does not constitute 
presenting it to the trial court.  Id. at 78.  Absent a finding 
of presentment, the appellant has no grounds for complaint on appeal.  Gray, 
980 S.W.2d at 774.
        Here, 
the record does not demonstrate that Arizmendi’s motion for new trial was 
presented to the court.  The motion for new trial did not contain a fiat to 
be used in setting a date and time for a hearing, and there is no evidence in 
the record that Arizmendi requested a hearing or that a hearing date was ever 
set.  Because Arizmendi has failed to demonstrate that he met the 
presentment requirement, we hold that the trial court did not abuse its 
discretion by not conducting a hearing on Arizmendi’s motion for new 
trial.  We overrule Arizmendi’s first point.
IV. Ineffective 
Assistance of Counsel
        In 
his second and third points, Arizmendi claims that his trial counsel was 
ineffective for failing to present mitigating evidence through two additional 
witnesses and by failing to conduct a redirect examination of Alford.  In 
evaluating an ineffective assistance of counsel claim, we apply a two-pronged 
test.  Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 
2064 (1984); Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 
1999).  First, appellant must show that his counsel’s performance was 
deficient; second, appellant must show the deficient performance prejudiced the 
defense.  Strickland, 466 U.S. at 687, 104 S. Ct. at 2064.
        In 
evaluating the effectiveness of counsel under the first prong, we look to the 
totality of the representation and the particular circumstances of each 
case.  Thompson, 9 S.W.3d at 813.  The issue is whether 
counsel’s assistance was reasonable under all the circumstances and prevailing 
professional norms at the time of the alleged error.  Strickland, 
466 U.S. at 688-89, 104 S. Ct. at 2065.  We presume counsel's actions and 
decisions were reasonably professional and motivated by sound trial 
strategy.  Id. at 690, 104 S. Ct. at 2066; Jackson v. State, 
877 S.W.2d 768, 771 (Tex. Crim. App. 1994).  Appellant has the burden to 
rebut this presumption by presenting evidence illustrating why trial counsel did 
what he did.  See Jackson, 877 S.W.2d at 771.  An appellant 
usually cannot meet this burden if the record does not specifically focus on the 
reasons for trial counsel's conduct.  See Thompson, 9 S.W.3d 
at 814 (holding allegation of ineffective assistance must be firmly founded in 
record, and record must affirmatively demonstrate alleged ineffectiveness); Osorio 
v. State, 994 S.W.2d 249, 253 (Tex. App.—Houston [14th Dist.] 1999, pet. 
ref'd) (same).
        In 
the absence of a proper evidentiary record developed at a hearing on a motion 
for new trial, it is extremely difficult to show that trial counsel's 
performance was deficient.  Gibbs v. State, 7 S.W.3d 175, 179 (Tex. 
App.—Houston [1st Dist.] 1999, pet. ref'd).  When there is no hearing on 
a motion for new trial or if trial counsel does not appear at such a hearing, an 
affidavit from trial counsel becomes almost vital to the success of a claim of 
ineffective assistance of counsel.  Howard v. State, 894 S.W.2d 104, 
107 (Tex. App.—Beaumont 1995, pet. ref'd).
        Here, 
there is no such affidavit in the appellate record.  We have reviewed the 
record, and it does not support Arizmendi’s contention that the complained of 
decisions and actions by trial counsel rendered his assistance 
ineffective.  Trial counsel diligently represented Arizmendi at his 
sentencing hearing, calling numerous witnesses.  The record is silent as to 
trial counsel’s reasoning and strategy for not presenting allegedly mitigating 
evidence through two additional witnesses and for not conducting a redirect 
examination of Alford. Consequently, Arizmendi has not rebutted the presumption 
that his trial counsel made all significant decisions in the exercise of 
reasonable professional judgment, and has not demonstrated in the record that 
trial counsel rendered ineffective assistance.  See, e.g., Freeman 
v. State, 125 S.W.3d 505, 506-07 (Tex. Crim. App. 2003) (holding that, 
despite trial judge’s on-the-record comments, appellate court could not review 
appellant’s complaint that trial counsel was ineffective for failing to file a 
motion to recuse when complaint was not developed in the record); Garcia v. 
State, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001) (recognizing that in the 
absence of direct evidence of counsel's reasons for the challenged conduct, an 
appellate court will assume a strategic motivation if any can be imagined); Thompson, 
9 S.W.3d at 814 (same).  We overrule Arizmendi’s second and third points.[3]
V. Conclusion
        Having 
overruled each of Arizmendi’s three points, we affirm the trial court’s 
judgments.
  
  
                                                          SUE 
WALKER
                                                          JUSTICE
 
 
PANEL 
A:   CAYCE, C.J.; WALKER and MCCOY, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
July 15, 2004


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
This witness’s name is spelled “Kathy Alford” in the reporter’s record 
and “Cathy Alford” in Arizmendi’s motion for new trial. The witness will 
be referred to as “Cathy Alford” throughout this opinion.
3.  
Because Arizmendi has not satisfied Strickland’s first prong, we need 
not consider the second prong. Strickland, 466 U.S. at 697, 104 S. Ct. at 
2069 (appellant's failure to satisfy one prong of Strickland test negates 
court's need to consider other prong).