arizmendi v. state

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

                                    NOS.
 
2-03-176-CR

2-03-177
-CR

2-03-178
-CR

ALFREDO ARIZMENDI APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

Appellant Alfredo Arizmendi pleaded guilty to three offenses:  two charges of indecency with a child and one charge of aggravated sexual assault of a child.  The trial court found Arizmendi guilty of all three offenses and assessed his punishment at twenty years’ confinement for each indecency offense and forty years’ confinement for the aggravated sexual assault.  In three points, Arizmendi complains that the trial court erred by failing to grant him a hearing on his motion for new trial and that his trial counsel was ineffective.  We will affirm.

II.  Procedural Background

After accepting Arizmendi’s guilty pleas and finding Arizmendi guilty, the trial court ordered a pre-sentence investigation report.  Subsequently, the trial court conducted a sentencing hearing.  Defense counsel called several witnesses to testify on Arizmendi’s behalf.

Lawrin Dean, a therapist, testified that she worked with Arizmendi pursuant to a voluntary referral from Child Protective Services.  She testified that Arizmendi had submitted to a psychosexual evaluation and had been in treatment for six months.  Dean testified that Arizmendi had attended sessions regularly and was a good candidate for treatment.

Cathy Alford,
(footnote: 2) appellant’s girlfriend, provided evidence of Arizmendi’s good character and suitability for probation.  She testified that Arizmendi was remorseful for his actions, was a hard worker, and was a good person who regularly attended church.

Arizmendi’s father, Raul Arizmendi, testified that his son was a wonderful person and a good candidate for probation.  Arizmendi’s father also testified that his family would support Arizmendi in his efforts to complete probation.

After considering the pre-sentence investigation report and the testimony of Arizmendi’s witnesses, the court assessed punishment at twenty years’ confinement in each of the indecency cases and forty years’ confinement for the aggravated sexual assault case.

III.
  No Hearing on Motions for New Trial

In his first point, Arizmendi claims that the trial court committed reversible error by failing to conduct a hearing on the motions for new trial that he filed concerning each of his convictions, alleging ineffective assistance of counsel.  A trial court is not required to conduct a hearing on a timely filed motion for new trial unless the defendant presents the motion to the trial court.  
Tex. R. App. P.
 21.6; 
Carranza v. State
, 960 S.W.2d 76, 77 (Tex. Crim. App. 1998); 
Gray v. State
, 980 S.W.2d 772, 774 (Tex. App.—Fort Worth 1998, no pet.).  A defendant satisfies the presentment requirement when the record shows that he actually delivered the motion for new trial to the trial court or otherwise brought the motion to the attention or actual notice of the trial court.  
Carranza
, 960 S.W.2d at 79.  Simply filing a motion for new trial does not constitute presenting it to the trial court.  
Id.
 at 78.  Absent a finding of presentment, the appellant has no grounds for complaint on appeal.  
Gray
, 980 S.W.2d at 774.

Here, the record does not demonstrate that Arizmendi’s motion for new trial was presented to the court.  The motion for new trial did not contain a fiat to be used in setting a date and time for a hearing, and there is no evidence in the record that Arizmendi requested a hearing or that a hearing date was ever set.  Because Arizmendi has failed to demonstrate that he met the presentment requirement, we hold that the trial court did not abuse its discretion by not conducting a hearing on Arizmendi’s motion for new trial.  We overrule Arizmendi’s first point.

IV.  Ineffective Assistance of Counsel

In his second and third points, Arizmendi claims that his trial counsel was ineffective for failing to present mitigating evidence through two additional witnesses and by failing to conduct a redirect examination of Alford.  In evaluating an ineffective assistance of counsel claim, we apply a two-pronged test.  
Strickland v. Washington
, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); 
Thompson v. State
, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).  First, appellant must show that his counsel’s performance was deficient; second, appellant must show the deficient performance prejudiced the defense.  
Strickland
, 466 U.S. at 687, 104 S. Ct. at 2064.

In evaluating the effectiveness of counsel under the first prong, we look to the totality of the representation and the particular circumstances of each case.  
Thompson
, 9 S.W.3d at 813
.  The issue is whether counsel’s assistance was reasonable under all the circumstances and prevailing professional norms at the time of the alleged error.  
Strickland
, 466 U.S. at 688-89, 104 S. Ct. at 2065.  We presume counsel's actions and decisions were reasonably professional and motivated by sound trial strategy.  
Id
. at 690, 104 S. Ct. at 2066
; Jackson v. State
, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994).  Appellant has the burden to rebut this presumption by presenting evidence illustrating why trial counsel did what he did.  
See Jackson, 
877 S.W.2d at 771.  
An appellant usually cannot meet this burden if the record does not specifically focus on the reasons for trial counsel's conduct.  
See
 
Thompson
, 9 S.W.3d at 814 (holding allegation of ineffective assistance must be firmly founded in record, and record must affirmatively demonstrate alleged ineffectiveness); 
Osorio v. State
, 994 S.W.2d 249, 253 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd) (same).

In the absence of a proper evidentiary record developed at a hearing on a motion for new trial, it is extremely difficult to show that trial counsel's performance was deficient.  
Gibbs v. State
, 7 S.W.3d 175, 179 (Tex. App.—Houston [1st Dist.] 1999, pet. ref'd).  When there is no hearing on a motion for new trial or if trial counsel does not appear at such a hearing, an affidavit from trial counsel becomes almost vital to the success of a claim of ineffective assistance of counsel.  
Howard v. State
, 894 S.W.2d 104, 107 (Tex. App.—Beaumont 1995, pet. ref'd).

Here, there is no such affidavit in the appellate record.  We have reviewed the record, and it does not support Arizmendi’s contention that the complained of decisions and actions by trial counsel rendered his assistance ineffective.  Trial counsel diligently represented Arizmendi at his sentencing hearing, calling numerous witnesses.  The record is silent as to trial counsel’s reasoning and strategy for not presenting allegedly mitigating evidence through two additional witnesses and for not conducting a redirect examination of Alford.  Consequently, Arizmendi has not rebutted the presumption that his trial counsel made all significant decisions in the exercise of reasonable professional judgment, and has not demonstrated in the record that trial counsel rendered ineffective assistance.  
See, e.g.
, 
Freeman v. State, 
125 S.W.3d 505, 506-07 (Tex. Crim. App. 2003) (holding that, despite trial judge’s on-the-record comments, appellate court could not review appellant’s complaint that trial counsel was ineffective for failing to file a motion to recuse when complaint was not developed in the record); 
Garcia v. State
, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001) (recognizing that in the absence of direct evidence of counsel's reasons for the challenged conduct, an appellate court will assume a strategic motivation if any can be imagined); 
Thompson
, 9 S.W.3d at 814 (same).  We overrule Arizmendi’s second and third points.
(footnote: 3)
V.  
Conclusion

Having overruled each of Arizmendi’s three points, we affirm the trial court’s judgments.

SUE WALKER

JUSTICE

PANEL A: CAYCE, C.J.; WALKER and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED:  July 15, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.

2:
This witness’s name is spelled “Kathy Alford” in the reporter’s record and “Cathy Alford” in Arizmendi’s motion for new trial.  The witness will be referred to as “Cathy Alford” throughout this opinion.

3:
Because Arizmendi has not satisfied 
Strickland
’s first prong, we need not consider the second prong.  
Strickland
, 466 U.S. at 697, 104 S. Ct. at 2069 (appellant's failure to satisfy one prong of 
Strickland
 test negates court's need to consider other prong).