Aymer OSORIO, Appellant,

v.

The STATE of Texas, Appellee.

No. 14–97–01366–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

May 13, 1999.

Rehearing Overruled July 1, 1999.

Panel consists of Justices MAURICE E. AMIDEI, EDELMAN and WITTIG.

## MAJORITY OPINION

MAURICE E. AMIDEI, Justice.

Aymer Osorio appeals his conviction by a jury for possession of more than 200 but less than 400 grams of cocaine. TEX. HEALTH & SAFETY CODE ANN. § 481.115(e) (Vernon 1992 & Supp.1999). The jury as-

sessed his punishment at 40 years imprisonment and a $50,000.00 fine. In two points of error, appellant contends: (1) the trial court erred in sustaining the State's objection to appellant's voir dire questions concerning bias towards Colombians and cocaine; and (2) appellant received ineffective assistance of counsel. We affirm.

On May 18, 1997, Officer Rudolph Gomez (Gomez) was investigating a tip that a person named Led Serrano would be traveling to New York. Appellant arrived at the railroad station in a Ford Thunderbird driven by an unknown man. Appellant bought a ticket, and told the agent he would let him know later about any baggage. Appellant and the other man sat on a baggage cart outside the station, and around 12:45 p.m. the unknown driver moved the Thunderbird to the front of the station. Appellant removed a large black duffel bag from the trunk, rolled it to the baggage area, and the unknown male drove away in the Thunderbird. Gomez approached appellant, asked where he was going, and appellant told him, "New York." Appellant told Gomez he had been visiting in Houston for two days. Gomez examined his train ticket which was issued to "Led Serrano." Appellant displayed his New Jersey driver's license to Gomez which was issued to "Fred Serrano." Gomez identified himself as a narcotics officer, and asked appellant for permission to inspect his luggage. Appellant consented to the search, and Gomez subsequently found seven bundles of cocaine wrapped in a comforter in the large duffel bag. The laboratory tests revealed the packages were 72.8% pure cocaine, weighing a total of 7.2 kilograms.

In point of error one, appellant contends the trial court erred by limiting his jury voir dire regarding the jurors' opinions of Colombians charged with drug offenses. The objectionable voir dire and verbal exchange that followed was, in pertinent part:

[APPELLANT'S COUNSEL]: Does the idea that he comes from Colombia, that he's charged with cocaine, does that make you think in any way, "Well, Colombians and cocaine, he probably did it," on the first row?

STATE: First of all, I am going to object to him getting into any fact relevant to this case and then trying to commit these people to some kind of opinion based upon the fact he's trying to inject into this—

[APPELLANT'S COUNSEL]: I can rephrase the question, Your Honor.

THE COURT: The Court is going to sustain it. You may rephrase it.

Instead of rephrasing the question, appellant continued his voir dire using different topics to determine bias or prejudice.

■ Appellant argues that his right to voir dire was improperly restricted because he was not allowed to test the jury's bias toward Colombians and cocaine. The State contends appellant has waived his complaint because the trial court did not absolutely limit the underlying substance of appellant's voir dire question, but only ordered him to rephrase an improperly phrased query. We agree with the State.

■ The standard of review in a case where the defendant claims he was improperly restricted on voir dire is whether the trial court abused its discretion. *Nunfio v. State*, 808 S.W.2d 482, 484 (Tex.Crim. App.1991); *Contreras v. State*, 915 S.W.2d 510, 515 (Tex.App.—El Paso 1995, pet. ref'd). In determining whether the trial court abused its discretion, reviewing courts look to the propriety of the question which the defendant sought to ask. *Nunfio*, 808 S.W.2d at 484; *Contreras*, 915 S.W.2d at 515. Questions which probe into bias and prejudice against the applicable law are permissible. *Hogue v. State*, 711 S.W.2d 9, 27 (Tex.Crim.App.1986); *Contreras*, 915 S.W.2d at 515. However, a party may not ask a veniremember to commit themselves as to how they would consider certain testimony prior to trial. *Hernandez v. State*, 508 S.W.2d 853, 854 (Tex. Crim.App.1974); *Contreras*, 915 S.W.2d at

515. A potential juror may not be asked what he or she would do at any particular stage of the trial under a given set of facts. *Allridge v. State,* 762 S.W.2d 146, 163 (Tex. Crim.App.1988), *cert. denied,* 489 U.S. 1040, 109 S.Ct. 1176, 103 L.Ed.2d 238 (1989); *Contreras,* 915 S.W.2d at 515.

In the present case, the State objected to appellant's question to the jury panel on the grounds that it was an attempt to seek commitment for a particular verdict from members of the panel. The trial court sustained the State's objection, and told appellant he could rephrase the question. Appellant chose not to rephrase the question but moved to another topic. Therefore, the trial court did not absolutely limit the substance of appellant's question, but only told him to rephrase the question in a proper form. *See Soria v. State,* 933 S.W.2d 46, 65 (Tex.Crim.App.1996), *cert. denied,* 520 U.S. 1253, 117 S.Ct. 2414, 138 L.Ed.2d 179 (1997) (trial court did not abuse discretion in ruling that form of appellant's question was improper as an attempt to bind the panel members to considering a particular fact-such as youth, duress, mental or emotional pressure-as mitigating). In *Howard v. State,* 941 S.W.2d 102, 108 (Tex.Crim.App.1996), the court of criminal appeals stated:

> Most important, where the trial court places no absolute limitation on the underlying substance of a defendant's voir dire question, it is incumbent upon defense counsel to rephrase an improperly phrased query or else waive the voir dire restriction [citations omitted].

*Howard,* 941 S.W.2d at 108.

We find appellant waived his complaint of voir dire restriction by failing to rephrase his question after the trial court sustained the State's objection to the form of his question and ordered appellant to rephrase the question. *See Howard,* 941 S.W.2d at 108–11. We overrule appellant's point of error one.

■ In point two, appellant contends he received ineffective assistance of counsel at the guilt/innocence stage because: (1) trial counsel failed to object to the prosecutor's questions to Officer Gomez concerning the value and packaging of Colombian cocaine when there was no evidence to show the cocaine originated in Colombia; and (2) failing to object to the prosecutor's closing argument that appellant was bringing "illegal drugs into our country," and drug deals take "lots of money ... to turn cocaine in Colombia into money here in the United States," because there was no evidence that the cocaine was Colombian. The State argues there is no evidence in the record to support appellant's claim of ineffective assistance of counsel.

■ The U.S. Supreme Court established a two prong test to determine whether counsel is ineffective at the guilt/innocence phase of a trial. First, appellant must demonstrate that counsel's performance was deficient and not reasonably effective. Second, appellant must demonstrate that the deficient performance prejudiced the defense. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Essentially, appellant must show (1) that his counsel's representation fell below an objective standard of reasonableness, based on prevailing professional norms, and (2) that there is a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceeding would have been different. *Id; Hathorn v. State,* 848 S.W.2d 101, 118 (Tex.Crim.App.1992), *cert. denied,* 509 U.S. 932, 113 S.Ct. 3062, 125 L.Ed.2d 744 (1993). A reasonable probability is defined as probability sufficient to undermine confidence in the outcome. *Miniel v. State,* 831 S.W.2d 310, 323 (Tex.Crim.App. 1992).

■ Judicial scrutiny of counsel's performance must be highly deferential. A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland,* 466 U.S. at 689, 104 S.Ct. 2052. An ineffectiveness claim cannot be demonstrated by isolating one por-

tion of counsel's representation. *McFarland v. State*, 845 S.W.2d 824, 843 (Tex. Crim.App.1992). Therefore, in determining whether the *Strickland* test has been met, counsel's performance must be judged on the totality of the representation. *Strickland*, 466 U.S. at 670, 104 S.Ct. 2052. The defendant must prove ineffective assistance of counsel by a preponderance of the evidence. *Cannon v. State*, 668 S.W.2d 401, 403 (Tex.Crim.App. 1984).

In any case analyzing the effective assistance of counsel, we begin with the presumption that counsel was effective. *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim.App.1994) (en banc). We assume counsel's actions and decisions were reasonably professional and that they were motivated by sound trial strategy. *Id.* Moreover, it is the appellant's burden to rebut this presumption via evidence illustrating why trial counsel did what he did. *Id.* In *Jackson*, the court of criminal appeals refused to hold counsel's performance deficient given the absence of evidence concerning counsel's reasons for choosing the course he did. *Id.* at 772.

Appellant's appellate counsel was appointed on December 4,1997, the same date the trial court entered its judgment. This case is a direct appeal and appellant's appellate counsel did not file a motion for new trial to develop evidence of trial counsel's strategy as was suggested by Judge Baird in his concurring opinion in *Jackson*, 877 S.W.2d at 772. *See Kemp v. State*, 892 S.W.2d 112, 115 (Tex.App.—Houston [1st Dist.] 1994, pet. ref'd) (generally, trial court record is inadequate to properly evaluate ineffective assistance of counsel claim; in order to properly evaluate an ineffective assistance claim, a court needs to examine a record focused specifically on the conduct of trial counsel such as a hearing on application for writ of habeas corpus or motion for new trial); *Phetvongkham v. State*, 841 S.W.2d 928, 932 (Tex. App.—Corpus Christi 1992, pet. ref'd, untimely filed) (inadequate record to evaluate

ineffective assistance claim). *See also Beck v. State*, 976 S.W.2d 265, 266 (Tex. App.—Amarillo 1998, pet. ref'd) (inadequate record for ineffective assistance claim, citing numerous other cases with inadequate records to support ineffective assistance claim).

In the present case, the record is silent as to why appellant's trial counsel did not object to the prosecutor's questions to Officer Gomez and the prosecutor's closing argument. The first prong of *Strickland* is not met in this case. *Jackson*, 877 S.W.2d at 771. Due to the lack of evidence in the record concerning trial counsel's reasons for these alleged acts of ineffectiveness, we are unable to conclude that appellant's trial counsel's performance was deficient. *Id.*

Even if this record rebutted the *Strickland* presumption of sound trial strategy, appellant has not demonstrated that trial counsel's performance prejudiced the defense. Therefore, he has not met the second prong of the *Strickland* test. Because appellant produced no evidence concerning trial counsel's reasons for choosing the course he did, nor did he demonstrate prejudice to his defense, we overrule appellant's contention in point of error two that his trial counsel was ineffective at the guilt/innocence stage. We affirm the judgment of the trial court.

DON WITTIG, Justice, concurring.

The majority correctly sets out the facts and standard of review. My concurrence is by way of amplification only and to note needless prosecutorial misconduct.

In his first point, appellant correctly avers the trial court erred by limiting his voir dire examination. The gist of appellant's question was whether the jury believed that based on the mere idea appellant was from Columbia, he probably did it. Proper grounds for voir dire examination virtually always include bias or preju-

dice for or against a party.[1] The trial court erroneously sustained the State's objection. However, as found by the majority, the error was waived by appellant's trial counsel because he refused the opportunity to rephrase the question.[2]

In appellant's second point complaining of ineffective assistance of counsel, the prosecutorial misconduct is lost in the backwash of his constitutional complaint. The State's objection to appellant's voir dire Columbian connection included relevance. Though irrelevant, the prosecutor twice asked Officer Gomez whether the subject kilos were packaged consistent with a person growing and making it in Columbia. And again the prosecutor queried whether the pressed brick form was done in Columbia. The record does not support these apparently unscrupulous inquiries by the prosecution. After effectively keeping out voir dire questioning on nationality prejudice, the prosecution injects and infects the record with the same self-proclaimed irrelevant prejudice. In final argument, the prosecution inflicted the coup de grace. Once again, without evidence, the prosecution argued it takes lots of people to turn cocaine in Columbia into money here in the United States. The race or nationality of appellant should play no role in the fair administration of justice.[3]

In *Duggan v. State*, the Court of Criminal appeals clearly mandated:

It shall be the primary duty of all prosecutors... not to convict, but to see that justice is done. This overriding duty falls upon the prosecutor in his capacity as the State's representative in criminal matters. As a trustee of the State' interest in providing fair trials, the prosecutor is obliged to illuminate the court with the truth of the cause, so that the judge and jury may properly render justice. Thus the prosecutor is more than a mere advocate, but a fiduciary to fundamental principles and fairness.[4]

Other applicable standards are too numerous to name but minimally include: rule 3.04 of the Fairness in Adjudicatory Proceedings,[5] rule 3.09 of the Special Responsibilities of a Prosecutor,[6] and article 2.01 of the Texas Code of Criminal Procedure.[7]

Because the accused was facially ineffectively represented, this prosecutorial misconduct went unchallenged.[8] Yet as the majority recites, the silent record explaining why defense counsel was asleep at the switch, gives us insufficient justification to overcome the presumption of competence.[9]

**1.** *See Edwards v. State*, 882 S.W.2d 493, 494 (Tex.App.—Houston [1st Dist.] 1994, no pet.).

**2.** *See Howard v. State*, 941 S.W.2d 102, 108 (Tex.Crim.App.1996).

**3.** *See Riascos v. State*, 792 S.W.2d 754, 758 (Tex.App.—Houston [14th Dist.] 1990, pet. ref'd).

**4.** 778 S.W.2d 465, 468 (1989) (citations omitted) (citing *Berger v. United States*, 295 U.S. 78, 88, 55 S.Ct. 629, 79 L.Ed. 1314 (1935)).

**5.** Tex. State Bar R. art. X, § 3.04, *reprinted in* Tex.Gov't Code Ann., tit. 2, subtit. G app. A (Vernon 1998).

**6.** Tex. State Bar R. art. X, § 3.09, *reprinted in* Tex.Gov't Code Ann., tit. 2, subtit. G app. A (Vernon 1998).

**7.** Tex.Code Crim.Proc.Ann. art. 2.01 (Vernon Supp. 199).

**8.** Nor does it appear that the trial judge exercised her mandated duty, under rule 611 of the Texas Rules of Evidence, to exercised control over the mode and order of interrogation of witnesses and presentation of evidence to make the presentation effective for the ascertainment of the truth. Tex.R.Evid. 611.

**9.** *See Jackson v. State*, 877 S.W.2d 768, 771 (Tex.Crim.App.1994).