NO. 12-00-00245-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


HOWARD BERNARD JEFFERY,
§
 APPEAL FROM THE EIGHTH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 HOPKINS COUNTY, TEXAS

 

PER CURIAM


 Howard Bernard Jeffery ("Appellant") appeals his conviction for aggravated sexual assault. 
A jury found him guilty as charged and assessed his punishment at ninety-nine years of
imprisonment. Appellant raises two issues on appeal contending that the evidence was factually
insufficient to prove lack of consent and that his trial counsel provided ineffective representation. 
We affirm.


Background


 Appellant was convicted for aggravated sexual assault of Cheryl Booth ("Booth"). Booth,
at the time, was a twenty-year-old woman who lived alone in an apartment complex in Sulphur
Springs. Although Booth lived alone, her mother lived in the same apartment complex. After
returning to her apartment on the evening of the incident, she and her boyfriend, Ebren Wyley,
watched a movie and ate food which they had purchased. Wyley left around 11:30 p.m. Booth went
to sleep in the only bedroom in the apartment. Sometime during the evening, she awoke to the
presence of a man in the bedroom who put his hand over her mouth and told her not to scream
because he had a gun. He put a pillow over her face and wrapped her head in a blanket. He inserted
his finger into her vagina. He told her to remove her shorts and underwear. He inserted his penis
into her vagina. He climaxed and ejaculated on the outside of her vagina after about fifteen minutes
of intercourse. Booth testified that he wiped his semen off her with a towel and left after threatening
to kill her if she looked at him. She stayed there until dawn when she went to her mother's
apartment and reported that she had been raped. 

 A DNA sample confirmed that Appellant had sexual intercourse with Booth. Appellant was
hiding from the police when they went to arrest him and resisted arrest. Appellant also lied about
his whereabouts on the evening in question.


Factual Sufficiency


 In reviewing factual sufficiency challenges, appellate courts must determine "whether a
neutral review of all the evidence, both for and against the finding, demonstrates that the proof of
guilt is so obviously weak as to undermine confidence in the jury's determination, or the proof of
guilt, although adequate if taken alone, is greatly outweighed by contrary proof." Johnson v. State,
23 S.W.3d 1, 11 (Tex. Crim. App. 2000). Evidence is factually insufficient if (1) it is so weak as to
be clearly wrong and manifestly unjust, or (2) the adverse finding is against the great weight and
preponderance of the available evidence. Id. The Johnson court reaffirmed the requirement that
"due deference must be accorded the fact finder's determinations, particularly those determinations
concerning the weight and credibility of the evidence." Id. at 9. We are mindful, however, that due
deference is not absolute deference. Id. at 7.

 Accordingly, we will review the evidence both for and against the jury's finding on lack of
consent by Booth. The following evidence is in favor of the verdict. The State presented evidence
through the responding police officer that Booth was very emotional when she advised him that she
had been raped and that she was apprehensive to talk about the incident. His testimony indicated
that her behavior was consistent with that of a rape victim. Examining physicians testified that
Booth was very genuine in her "upset condition." The police testified that her door did not need to
be forced opened because the locking mechanism did not work properly. Further, the police stated
that although Booth could not identify her assailant, she believed him to be a black male. She was
unable to identify the assailant because her head was wrapped in a blanket. When the police went
to arrest Appellant, he was found hiding in a closet and he resisted arrest. Booth testified that she
was scared and afraid for her life because she believed the assailant when he said he had a pistol. 
Her testimony negated any form of consent to the sexual act. She stated that she did not know
Appellant's name nor had she ever been with him on a social basis. She testified that Appellant had
never been to her apartment before the incident and that her apartment was to the right of the stairs. 
This contradicted testimony that Appellant was seen coming out of an apartment to the left of the
stairs prior the date of the attack. She denied ever being in a car with Appellant. 

 The evidence that would tend to support a consensual sexual encounter includes no finding
of lacerations or trauma in the medical examination of Booth. There was no sign of forced entry to
her apartment or any sign of a struggle. Initially, Appellant came voluntarily to the police station
for questioning. Booth's testimony was that she did not struggle with her assailant. There was
testimony that Booth had been seen on numerous occasions with Appellant and was seen snuggling
against him a car. Additional testimony indicated that Appellant hung-out in the apartment at the
left of the stairs in Booth's apartment complex. DNA evidence does not indicate whether the sexual
act was consensual or not. There was testimony that no bodily excretions were found on the towel
that Booth testified the attacker wiped her vagina with.

 The jury heard all of the evidence supporting and not supporting the issue of consent. They
chose to believe that Appellant did not have Booth's consent and that he did sexually assault her.
Clearly, the evidence was conflicting. However, it is the role of the jury to determine the weight to
be given the evidence and to judge the credibility of the witnesses. As earlier stated, the appellate
court must view all of the evidence impartially and set aside the verdict only if it is so contrary to
the overwhelming weight of the evidence as to be clearly wrong and unjust. Bilby v. State, 892
S.W.2d 864, 875 (Tex. Crim. App. 1994). However, this court must not substitute its judgment for
that of the jury. It is not the role of an appellate court to interfere with the jury in resolving conflicts
in the evidence or determining the weight and credibility to be accorded varying witnesses'
testimony. Van Zandt v. State, 932 S.W.2d 88, 96 (Tex. App.-El Paso 1996, pet. ref'd). Under the
evidence presented, we cannot conclude that the evidence of lack of consent is so obviously weak
as to undermine confidence in the jury's determination. Nor can we say that contrary proof greatly
outweighs the evidence of lack of consent. Accordingly, we hold that the evidence was factually
sufficient to support the jury's verdict, and therefore, Appellant's first issue is overruled. 


Ineffective Representation of Counsel


 Appellant contends he was denied effective assistance of counsel at trial. He argues that
counsel was ineffective for failing to object to questions asked by the State and to challenge a
peremptory strike of a black juror. Both the United States and Texas Constitutions guarantee an
accused the right to assistance of counsel. See U.S. Const. amend. VI; Tex. Const. art. I, § 10;
Tex. Code Crim. Proc. Ann. art. 1.05 (Vernon 1977). This right to counsel includes the right to
reasonably effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 686, 104 S. Ct.
2052, 2063, 80 L. Ed. 2d 674 (1984); see Ex parte Gonzales, 945 S.W.2d 830, 835 (Tex. Crim. App.
1997). To prove ineffective assistance of counsel, appellant must show that (1) counsel's
representation or advice fell below objective standards of reasonableness, and (2) the result of the
proceeding would have been different but for trial counsel's deficient performance. Strickland, 466
U.S. at 688-92. Moreover, the appellant bears the burden of proving his claims by a preponderance
of the evidence. Jackson v. State, 973 S.W.2d 954, 956 (Tex. Crim. App. 1998). In assessing
appellant's claims, we apply a strong presumption that trial counsel was competent. We presume
counsel's actions and decisions were reasonably professional and were motivated by sound trial
strategy. See Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). Appellant has the
burden to rebut this presumption by presenting evidence illustrating why trial counsel did what she
did. See id. An appellant cannot meet this burden if the record does not specifically focus on the
reasons for trial counsel's conduct. Osorio v. State, 994 S.W.2d 249, 253 (Tex. App.-Houston [14th
Dist.] 1999, pet. ref'd).

 When, as here, there is no proper evidentiary record developed at a hearing on a motion for
new trial, it is extremely difficult to show that trial counsel's performance was deficient. See Gibbs
v. State, 7 S.W.3d 175, 179 (Tex. App.-Houston [1st Dist.] 1999, pet. ref'd). If there is no hearing,
or if counsel does not appear at the hearing, an affidavit from trial counsel becomes almost vital to
the success of an ineffective assistance claim. See Howard v. State, 894 S.W.2d 104, 107 (Tex.
App.- Beaumont 1995, pet. ref'd.).

 The record in this case does not support Appellant's claim of ineffective assistance of
counsel. After a careful reading of the trial record, we are unable to review the merits of Appellant's
issue. There is nothing to indicate that counsel's representation was not a product of her trial
strategy. Counsel's choice not to respond to the State's barrage of objections is a legitimate tactic
before a jury. Further, there is nothing in the record to support Appellant's claim that counsel failed
to challenge the peremptory strike of a black juror by the State. Appellant's second issue is
overruled.

 The judgment of the trial court is affirmed


Opinion delivered April 25, 2002.

Panel consisted of Davis, C.J., Worthen, J., and Griffith, J.


























(DO NOT PUBLISH)