Affirmed and Memorandum Opinion filed May 29, 2003









Affirmed and Memorandum Opinion filed May 29, 2003.

 

In The

 

Fourteenth Court of Appeals

____________

 

NOS.
14-02-00729-CR & 

    
14-02-00733-CR

____________

 

 

CHRIS GEORGE ARMSTRONG,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On
Appeal from the 338th District Court

Harris County, Texas

Trial
Court Cause Nos. 887,866 and 887,867 

 



 

M
E M O R A N D U M  O P I N I O N

Appellant
Chris George Armstrong challenges his convictions on two counts of aggravated
robbery, asserting ineffective assistance of counsel as grounds for
reversal.  We affirm.

 








                            I. 
Factual and Procedural Background

Early
one morning, a group of men traveling in a Cadillac stopped and robbed three
different men who were at or near neighborhood bus stops.  The three robbery victims identified
appellant as one of the perpetrators shortly after appellant was arrested.  Peter Dorsey, one of the men who admitted
being in the car and participating in the robberies, testified at appellant=s
trial,[1]
and also identified appellant as one of the robbers.  According to Dorsey, the other occupants of
the car were AMelvin,@ AFred@ and AMike.@

At
trial, Dorsey testified appellant was driving the Cadillac when Melvin said, ALet=s
get some money.@  When the group saw two
men on the side of the road, appellant stopped the Cadillac and all of the men
exited the car.  Dorsey testified he and
appellant stood in close proximity to the first 
two complainants and silently looked around while Melvin and Fred robbed
the men.  Afterward, the group retreated
to the Cadillac and drove around the corner where they saw another man, the
third complainant.  According to Dorsey=s
trial testimony, all in his group exited the car again, but this time appellant
remained near the car while Fred and Mike robbed the man.

Dorsey=s
trial testimony contradicted a statement he had given to the State shortly
before trial.  When asked at trial,
Dorsey admitted that a week before trial he told the State that appellant and
Melvin had committed the second robbery.








Patrick
Smith, an investigator at the District Attorney=s office, was present when Dorsey gave his pre-trial statement
to the State.  At trial, Smith testified
only about inconsistencies between Dorsey=s pre-trial statement and his trial testimony.  According to Smith=s
testimony, at the pre-trial meeting, Dorsey attributed the Alet=s
get some money@ statement to appellant. 
At the pre-trial  meeting, Dorsey
also said appellant went through the first two complainants=
pockets while they were on the ground. 
Regarding the second robbery, Dorsey had previously said appellant and
Melvin actively perpetrated it. 

The jury found appellant guilty of two counts of aggravated
robbery.  After appellant pleaded true to
two enhancement paragraphs, the jury assessed punishment for each conviction at
twenty years= confinement in the Texas Department of Criminal Justice,
Institutional Division, with the sentences to be served concurrently.

II.  Issue
Presented

In
his sole issue, appellant argues trial counsel provided him ineffective
assistance for two reasons: (1) because she did not request a limiting
instruction to require that the jury consider Smith=s
testimony only for impeachment purposes; and (2) because she allegedly failed
to request a jury charge on robbery as a lesser-included offense of aggravated
robbery.

                                            III. 
Analysis and Discussion

Both the United States and Texas Constitutions guarantee an
accused the right to assistance of counsel.  U.S. Const. amend. VI; Tex. Const. art. I, ' 10; Tex. Code Crim. Proc. art.
1.05.  This right necessarily includes
the right to reasonably effective assistance of counsel.  Strickland v. Washington, 466 U.S. 668,
686, 104 S. Ct. 2052, 80 L. Ed.2d 674 (1984); Ex parte
Gonzales, 945 S.W.2d 830, 835 (Tex. Crim. App.
1997).  To prove ineffective assistance
of counsel, appellant must show that: (1) trial counsel=s representation fell below an
objective standard of reasonableness, based on prevailing professional norms;
and (2) the result of the proceeding would have been different but for trial
counsel=s deficient performance.  Strickland, 466 U.S. at 688B92. 
Moreover, appellant bears the burden of proving his claims by a
preponderance of the evidence.  Jackson v. State, 973 S.W.2d 954, 956
(Tex. Crim. App. 1998).  








In assessing appellant=s claims, we apply a strong
presumption that trial counsel was competent.  Thompson v. State, 9 S.W.3d 808, 813 (Tex.
Crim. App. 1999). 
We presume counsel=s actions and decisions were reasonably professional and were
motivated by sound trial strategy.  See Jackson v. State, 877 S.W.2d 768, 771
(Tex. Crim. App. 1994).  Appellant has the burden to rebut this
presumption by presenting evidence illustrating why trial counsel did what she
did.  See id.  An appellant cannot meet this burden if the
record does not specifically focus on the reasons for trial counsel=s conduct.  Osorio v. State, 994 S.W.2d 249, 253 (Tex.
App.CHouston [14th Dist.] 1999, pet. ref=d). 
When, as here, there is no proper evidentiary record developed at a
hearing on a motion for new trial, it is extremely difficult to show that trial
counsel=s performance was deficient.  See Gibbs v. State, 7 S.W.3d 175, 179
(Tex. App.CHouston [1st Dist.] 1999, pet. ref=d). 
If there is no hearing or if counsel does not appear at the hearing, an
affidavit from trial counsel becomes almost vital to the success of an
ineffective-assistance claim.  Howard
v. State, 894 S.W.2d 104, 107 (Tex. App.CBeaumont 1995, pet. ref=d). 

In
this case, the record contains no evidence of the reasoning and strategy
underlying appellant=s trial counsel=s actions.  In the face
of a silent record, this court will not speculate about why trial counsel did
not ask the trial court for a limiting instruction as to Smith=s
testimony.  See Jackson, 877 S.W.2d
at 771.  Even if we could presume from a
silent record that trial counsel=s failure to obtain a limiting instruction fell below an
objective standard of reasonableness, appellant still could not prevail on his
ineffective assistance claim because under the second prong of Strickland,
appellant has not shown that the outcome of his trial would have been
different if trial counsel had requested a limiting instruction.  See Strickland, 466 U.S. at 688B92.  

Finally,
appellant could not have been prejudiced by counsel=s
alleged failure to request an instruction on robbery as a lesser-included
offense because, contrary to appellant=s assertion, the jury charge contained an instruction on robbery
as a lesser-included offense.  Therefore,
appellant=s argument is without merit.








Because
appellant has failed to show ineffective assistance of counsel, we overrule his
sole issue and affirm the trial court=s judgments. 

 

 

 

 

/s/        Kem
Thompson Frost

Justice

 

Judgment rendered and Memorandum Opinion
filed May 29, 2003.

Panel consists of Justices Yates, Hudson,
and Frost.

Do Not Publish C
Tex. R. App. P. 47.2(b).

 

 

 











[1]  Dorsey
had pleaded guilty to three counts of aggravated robbery and had been
convicted.  He was incarcerated at the
time of trial.  Dorsey did not testify pursuant to a plea bargain or
otherwise stand to gain from testifying.