Affirmed and Memorandum Opinion filed November 21, 2006
















Affirmed and Memorandum Opinion filed November 21, 2006.

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-05-00640-CR

____________

 

MARCUS GILBERT, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 





 

On Appeal from the 228th
District Court

Harris County,
Texas

Trial Court Cause No. 1001661

 





 

M E M O R A N D U M   O P I N I O N

Appellant Marcus Gilbert was convicted of burglary and
sentenced to twenty years= confinement.  In a single issue, appellant
claims he received ineffective assistance of counsel at trial.  We affirm.

                                                    
Background

 

On February 6, 2004, appellant went to visit the
complainant, Tennille Recard, his
ex-girlfriend.  Appellant knocked loudly on Recard=s apartment door
for several minutes and then kicked in the door.  He entered the apartment
and, refusing Recard=s requests to
leave, forced her into a bedroom and Apummeled her with his
fist.@  After Recard began screaming, appellant ran out of the apartment,
and Recard contacted the police.  Police
Sergeant Larry Joe Martin responded to the call, interviewed Recard, and took several photographs.  Sergeant Martin
did not find appellant during his investigation but completed a request for a
protective order and a probable cause affidavit.  Three days later,
appellant was arrested for burglary of Recard=s habitation.

Appellant=s defense at trial was that he lived in
the apartment with Recard, and thus could not be
guilty of burglary because he could not burglarize his own apartment.  See
Tex. Penal Code Ann. ' 30.02(a) (Vernon
2003) (requiring that a person act Awithout the effective
consent of the owner@ to commit burglary).  To establish
this defense, trial counsel attempted to prove appellant lived with Recard in apartment
 82
.  Lease documents show that Recard
leased apartment 92
until October 31, 2003 and signed a Alease renewal@ for apartment 82 on
March 17, 2004, approximately one month after the incident.  It is not
clear from the record when Recard moved from apartment 92 to apartment 82
. 
Counsel called Batrice Murphy, appellant=s parole officer,
to confirm appellant=s address in the months leading up to the
incident.  Murphy testified that parole records showed appellant lived in
several different apartments in the same complex as Recard,
including apartment
 82
.  Murphy confirmed that in January 2004, appellant lived
in apartment 82
. 
Counsel then called appellant=s aunt, Latonya
Burkett, who testified that appellant lived in apartment 82 with Recard
and her children.  

The State called Recard=s neighbor, Steve
Brown, who had seen appellant knocking loudly on Recard=s door. 
Brown testified that he knew Recard lived alone with
her children and did not know where appellant lived.  On
cross-examination, counsel attempted to show Brown was not certain that
appellant did not live with Recard.  In response
to counsel=s questions, Brown said he knew Afor a fact@ appellant Adidn=t live [with Recard].@ 

 

The jury convicted appellant of burglary of a habitation,
and this appeal followed.  In his sole issue, appellant claims he received
ineffective assistance of counsel.  He contends that counsel was
ineffective by (1) undermining his burglary defense by offering proof that he
lived in apartment 82 rather than 92,  (2) introducing evidence during the
guilt-innocence phase of trial that he was on parole, (3) failing to interview
a witness, and (4) failing to request a jury instruction for the lesser
included offense of assault.  

                                    
Ineffective Assistance of Counsel

 

Both the
United States
and Texas Constitutions guarantee an accused the right to assistance of
counsel.  U.S. Const. amend. VI; Tex. Const. art. I, ' 10; Tex. Code Crim. Proc. Ann. art. 1.05 (Vernon 2005). 
This includes the right to reasonably effective assistance of counsel.  Strickland v. Washington,
466 U.S.
668, 686 (1984).  To prove ineffective assistance of counsel, an
appellant must show that (1) trial counsel=s representation failed to meet an
objective standard of reasonableness, based on prevailing professional norms,
and (2) the outcome of the proceeding would have been different but for counsel=s inadequate performance.  Id. at 688B92;
Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim.
App. 1999).  We apply a strong presumption that counsel was
competent and that counsel=s actions were reasonably professional and motivated by sound
trial strategy.  Thompson, 9 S.W.3d at 813; Jackson v.
State, 877 S.W.2d 768, 771 (Tex. Crim. App.
1994).  To rebut this presumption an appellant must prove, by a
preponderance of the evidence, that there is no plausible professional reason
for a specific act or omission.  Bone v. State, 77 S.W.3d 828, 836
(Tex. Crim. App. 2002).  An appellant usually cannot meet
this burden unless an evidentiary record is developed to clearly show the
reasons for counsel=s conduct.  See Osorio v. State,
994 S.W.2d 249, 253 (Tex. App.CHouston
[14th Dist.] 1999, pet. ref=d). 
In the absence of a proper evidentiary record developed at a hearing on a
motion for new trial or with an affidavit from trial counsel, it is extremely
difficult to show that counsel=s performance was deficient.  See Freeman v. State,
125 S.W.3d 505, 506 (Tex. Crim. App. 2003); Tello v. State, 138 S.W.3d 487, 495 (Tex. App.CHouston
[14th Dist.] 2004), aff=d, 180 S.W.3d 150 (Tex. Crim.
App. 2005).  When, as here, appellant did not allege ineffective
assistance in his motion for new trial and there is no affidavit from counsel,
we cannot conclude counsel=s representation was deficient unless her action was so
outrageous that no competent attorney would have engaged in it.  Goodspeed
v. State, 187 S.W.3d 390, 392 (Tex.
Crim. App. 2005).  We therefore review
appellant=s grounds for ineffective assistance applying the strong presumption that
counsel=s actions were reasonably
professional and motivated by sound strategy.  Thompson, 9 S.W.3d at 813.  

A.     
Evidence that Appellant Lived in Apartment
 82

Appellant claims counsel provided ineffective assistance by
presenting evidence proving he lived in apartment 82 rather than 92, undermining
his primary defense that he could not burglarize his own residence. 
However, there is ample evidence in the record, notwithstanding the lease
document, showing the incident occurred at apartment 82
.  A photograph taken by
Sergeant Martin shows A82@ on the door
appellant kicked in.  Recard testified that the
photograph showing number 82 was Athe outside of [her]
door@ and Aaccurately represent[ed] the scene@ on February 6,
2004.  Sergeant Martin testified that the door in the photograph was Recard=s, and he indicated
she lived in apartment
 82 in both the probable cause affidavit and the protective
order.  Finally, appellant=s aunt testified that Recard
lived in apartment 82
. 
Appellant must prove by a preponderance of the evidence that counsel=s performance was
deficient.  Robertson v. State, 187 S.W.3d 475, 483 (Tex.
Crim. App. 2006).  Because
there is evidence in the record that the incident occurred in apartment 82
, it was
not unreasonable for counsel to offer evidence that appellant lived
there.  Therefore, appellant has not proven by a preponderance of the
evidence that counsel=s performance was deficient.  Id.  

B.     
Evidence that Appellant was on Parole

In his second complaint, appellant argues counsel provided
ineffective assistance by calling his parole officer as a witness, which
unnecessarily revealed evidence of his prior criminal history during the
guilt-innocence phase of the trial.  Introduction of prior convictions during the
guilt-innocence phase can be ineffective assistance if an appellant can prove
the evidence would otherwise be inadmissible and could serve no strategic
purpose.  Id. at 484. 

 

Appellant
contends counsel=s decision could serve no strategic purpose because Murphy=s testimony showed he did
not live with Recard.  However, as discussed
above, there was ample evidence that the incident occurred in apartment 82
.  Proving appellant lived in apartment 82 with Recard could constitute reasonable trial strategy because
it would preclude a conviction for burglary.  Further, counsel could
have believed Murphy=s testimony would convince the jury that
appellant lived in apartment
 82
,
because appellant would violate his parole if he misrepresented his address to
his parole officer.  Thus, this is not a case in which A[w]e are convinced that nothing trial
counsel could say would make this court believe that it was sound trial
strategy to offer the prior conviction.@  Stone v. State, 17
S.W.3d 348, 352 (Tex. App.CCorpus
Christi 2000, pet. ref=d).  Because appellant has not proven that the evidence
could serve no strategic purpose, we disagree with appellant=s contention that counsel was
ineffective on this basis.  See Robertson, 187
S.W.3d at 484.  

C.     
Examination of Steve Brown    

Appellant next
complains that counsel failed to adequately prepare for trial.  He
contends counsel should have interviewed State=s witness Steve
Brown before trial to learn what his testimony would be regarding appellant=s residence. 
Counsel has a duty to
make an independent investigation into the facts of the case.  McFarland v. State, 928 S.W.2d 482, 501 (Tex. Crim. App. 1996) (citing Strickland, 466 U.S. at 691). 
However, this duty is not categorical, and counsel may make a reasonable
decision that a particular investigation is unnecessary.  Id.  The record
does not indicate whether counsel attempted to interview Brown before trial,
whether Brown would have cooperated if asked, or whether counsel had a
strategic reason not to interview him.  Absent a well-developed record revealing the motives
behind counsel=s actions, we cannot conclude that the failure to investigate a witness
renders counsel=s assistance ineffective.  See Rylander
v. State, 101 S.W.3d 107, 110B11 (Tex. Crim. App. 2003) (rejecting claim that counsel=s failure to
interview a state=s witness constituted ineffective
assistance, where record on direct appeal did not explain counsel=s action).  Therefore,
appellant has not rebutted the presumption that counsel=s decision was
made in the exercise of reasonable professional judgment.  See Thompson,
9 S.W.3d at 813.

 

D.     
Failure to Request an Instruction on a Lesser Included Offense

Finally, appellant argues counsel=s assistance was
ineffective because she failed to request a jury instruction on the lesser
included offense of assault.  A decision not to request a charge on
a lesser included offense may be reasonable trial strategy.  See Ex parte White, 160 S.W.3d 46, 55 (Tex. Crim. App. 2004) (noting
decision not to request instruction on the lesser included offense could be a
reasonable all-or-nothing trial strategy).  Here, the record is silent as
to the reasons behind counsel=s decision.  Accordingly, appellant has not proven there
is no plausible professional reason for counsel=s failure to request the
instruction.  See Bone, 77 S.W.3d at 836. 


We overrule appellant=s sole issue and affirm the trial court=s judgment.

 

 

 

/s/     
Leslie Brock Yates

Justice

 

 

Judgment rendered
and Memorandum Opinion filed November 21, 2006.

Panel consists of
Chief Justice Hedges, Justice Yates, and Senior Justice Amidei.*

Do Not Publish C Tex. R. App. P.
47.2(b).

 

 

 

 

 

 

 

 

___________________________

*  Senior Justice Maurice
E. Amidei sitting by assignment.