

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 2-08-168-CR

QUALANE JAMES WILLIAMS                                        APPELLANT

V.

THE STATE OF TEXAS                                                   STATE

------------

## FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Qualane James Williams appeals his conviction for theft.[2]  We

affirm.

On February 15, 2007, Tonya Bishop cashed her IRS refund check for

$6,287.  The next day, appellant gave her a ride to run errands and to pay bills.

------

[1] *See* Tex. R. App. P. 47.4.

[2] *See* Tex. Penal Code Ann. § 31.03(a), (e)(4)(A) (Vernon Supp. 2008).

Approximately $3,600 in cash remained in Tonya's wallet when they stopped at her apartment so she could run in to retrieve her cell phone and use the bathroom. Realizing that she had left her wallet in appellant's car, she ran out to the parking lot only to find that appellant had gone. When it became apparent that appellant was not coming back, Tonya called the police. Fort Worth Police Detective Michael McCormick attempted several times to call appellant but he never answered. The wallet was later found by a stranger and given to one of Tonya's friends who returned it to Tonya, but the more than $3,000 in cash was missing.

Appellant was charged with theft of property valued at $1,500 or more but less than $20,000. A jury found him guilty, he pleaded true to the State's enhancement allegation, and after hearing evidence on the issue of punishment, the trial court sentenced him to six years' confinement.

In three points, appellant claims that the evidence is factually insufficient to support the verdict, his trial counsel was ineffective, and the trial court erroneously admitted hearsay.

In his first point, appellant contends that the evidence is factually insufficient to support his conviction. When reviewing factual sufficiency, we

2

view all the evidence in a neutral light, favoring neither party.[3] We then ask whether the evidence supporting the conviction, although legally sufficient, is nevertheless so weak that the factfinder's determination is clearly wrong and manifestly unjust or whether conflicting evidence so greatly outweighs the evidence supporting the conviction that the factfinder's determination is manifestly unjust.[4] To reverse under the second ground, we must determine, with some objective basis in the record, that the great weight and preponderance of all the evidence, though legally sufficient, contradicts the verdict.[5]

Appellant argues that the evidence is factually insufficient because his testimony presented a "reasonable hypothesis" that Tonya is a spurned lover who fabricated her story to punish him for breaking off their relationship. He also contends that Tonya's credibility suffered because the State did not call the friend to whom the wallet was returned as a corroborating witness.

---

[3] *Neal v. State*, 256 S.W.3d 264, 275 (Tex. Crim. App. 2008), *cert. denied*, 129 S. Ct. 1037 (2009); *Watson v. State*, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006).

[4] *Lancon v. State*, 253 S.W.3d 699, 704 (Tex. Crim. App. 2008); *Watson*, 204 S.W.3d at 414–15, 417.

[5] *Watson*, 204 S.W.3d at 417.

In essence, appellant asks us to hold that the evidence is factually insufficient because his testimony is more credible than Tonya's. Under the appropriate standard of review, however, unless the record clearly reveals that a different result is appropriate, we must defer to the jury's determination of the weight to be given contradictory testimonial evidence because resolution of the conflict "often turns on an evaluation of credibility and demeanor, and those jurors were in attendance when the testimony was delivered."[6] Thus, we must give due deference to the factfinder's determinations, "particularly those determinations concerning the weight and credibility of the evidence."[7]

Tonya's testimony and appellant's testimony directly conflict. She testified that on February 16, 2007, he drove her around Fort Worth to run errands and stole her money when she stopped briefly at her apartment. He testified that he had no contact with her and was not even in Fort Worth after the first part of January 2007.

After reviewing all the evidence in a neutral light, we find nothing in the record to warrant overturning the jury's resolution of the conflicting testimony in this case. To the contrary, the record supports the jury's determination. Although appellant testified that his last contact with Tonya was weeks before

[6] *Johnson v. State*, 23 S.W.3d 1, 8 (Tex. Crim. App. 2000).

[7] *Id.* at 9.

4

she cashed her IRS check, his arresting officer testified that on the way to jail, appellant volunteered that Tonya had given him the money. Because the record does not clearly reveal that the jury's resolution of conflicts in the testimony is clearly wrong or manifestly unjust, the evidence is factually sufficient to support the verdict. We overrule appellant's first point.

In appellant's second point, he contends that his trial counsel was ineffective because he did not call appellant's parents to testify and he did not introduce appellant's cell phone records.

To establish ineffective assistance of counsel, appellant must show by a preponderance of the evidence that his counsel's representation fell below the standard of prevailing professional norms and that there is a reasonable probability that, but for counsel's deficiency, the result of the trial would have been different.[8]

In evaluating the effectiveness of counsel under the first prong, we look to the totality of the representation and the particular circumstances of each case.[9] The issue is whether counsel's assistance was reasonable under all the circumstances and prevailing professional norms at the time of the alleged

---

[8] *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); *Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005).

[9] *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

5

error.[10] Review of counsel's representation is highly deferential, and we indulge a strong presumption that counsel's conduct fell within a wide range of reasonable representation.[11]

Appellant contends that his trial attorney did not provide effective assistance because he did not call appellant's parents to testify and because he did not seek to introduce evidence of appellant's phone records to rebut Detective McCormick's testimony that he attempted several times to call appellant's cell phone and appellant's parents' house. Appellant testified that the numbers Tonya gave Detective McCormick to call were the wrong numbers. He argues that his parents would have testified that they have had the same phone number for over ten years and that the number is different from the one provided by Tonya in the police report. Appellant claims that his cell phone records would have shown that he did not receive any calls from Tonya on the day she claims he stole money from her. He asserts that this evidence would have been sufficient to cast serious doubt on Tonya's credibility and that its absence compromised his ability to present a defense.

---

[10] *See Strickland*, 466 U.S. at 688–89, 104 S. Ct. at 2065.

[11] *Salinas*, 163 S.W.3d at 740; *Mallett v. State*, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001).

Strategic and tactical decisions made after a thorough investigation of the law and facts relevant to plausible options "are virtually unchallengeable."[12] On appeal, an appellant has the burden of proving his ineffective-assistance claim by a preponderance of the evidence.[13] We presume that counsel's actions and decisions were reasonably motivated by sound strategy.[14] Appellant has the burden to rebut this presumption by presenting evidence illustrating why trial counsel did what he did.[15] This burden generally cannot be met if the record does not specifically address the reasons for trial counsel's conduct.[16]

Absent a proper evidentiary record, it is extremely difficult to show that a trial counsel's performance was deficient.[17] If counsel's reasons for his conduct do not appear in the record and there is at least the possibility that the conduct could have been legitimate trial strategy, then the reviewing court

---

[12] *See Wiggins v. Smith*, 539 U.S. 510, 521, 123 S. Ct. 2527, 2535 (2003) (quoting *Strickland*, 466 U.S. at 690–91, 104 S. Ct. at 2066); *see also Patrick v. State*, 906 S.W.2d 481, 495 (Tex. Crim. App. 1995), *cert. denied*, 517 U.S. 1106 (1996).

[13] *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994).

[14] *Id.*

[15] *Id.*

[16] *Osorio v. State*, 994 S.W.2d 249, 253 (Tex. App.—Houston [14th Dist.] 1999, pet ref'd).

[17] *Gibbs v. State*, 7 S.W.3d 175, 179 (Tex. App.—Houston [1st Dist.] 1999, pet ref'd).

should defer to the counsel's decisions and deny any ineffective assistance claim.[18]

In this case, appellant did not file a motion for a new trial, and consequently, there was no hearing to develop or criticize trial counsel's strategy. After reviewing the record, we cannot say that it shows that trial counsel's conduct fell below the standard set by *Strickland*.[19] Therefore, we overrule appellant's second point.

In his third and final point, appellant complains of the trial court's allowing the State to interject unsworn testimony by referring to the contents of Tonya's phone records, which were not admitted in evidence.

The following transpired during the State's cross examination of appellant:

Q. Okay. So would it surprise you to know that in the phone records that we got from Tonya she called you over 40 times after she called 911? That would shock you, right?

A. No.

Q. That wouldn't shock you?

A. No, because she didn't call me because I wasn't in Fort Worth.

---

[18] *Murphy v. State*, 112 S.W.3d 592, 601 (Tex. Crim. App. 2003), *cert. denied*, 541 U.S. 940 (2004).

[19] *See Strickland*, 466 U.S. at 688–89, 104 S. Ct. at 2065.

Q.    Okay.  So that would have shocked you then?

A.    I'm not – – say it again now.

Q.    Would you be surprised that her phone records from Sprint show that she called you over 40 times after she called 911, that day, after you stole her money?

   MR. HAYDEN:    At this point I'll object to referring to evidence that's not in the record, Judge.

   MS. WAGNER:  He can – – he can say just no.

   THE COURT:  It's overruled.  He can answer yes or no.

   THE DEFENDANT:  No.

A timely and specific objection is required to preserve error for appeal.[20] In order to preserve a complaint for our review, an objection must be made as soon as the basis for the objection becomes apparent.[21] If a defendant fails to object until after an objectionable question has been asked and answered, and he can show no legitimate reason to justify the delay, his objection is untimely, and any claim of error is forfeited.[22]

---

[20] Tex. R. App. P. 33.1; *Luna v. State*, 268 S.W.3d 594, 604 (Tex. Crim. App. 2008), *petition for cert. filed*, --- U.S.L.W. --- (U.S. Jan. 27, 2009) (No. 08-10144).

[21] Tex. R. Evid. 103(a)(1); *Lagrone v. State*, 942 S.W.2d 602, 618 (Tex. Crim. App.), *cert. denied*, 522 U.S. 917 (1997); *Polk v. State*, 729 S.W.2d 749, 753 (Tex. Crim. App. 1987).

[22] *Lagrone*, 942 S.W.2d at 618.

9

The above portion of the record shows that appellant answered the State's question, which was substantially identical to the question complained-of on appeal, the prosecutor asked another one, appellant answered it, and the state repeated the complained-of question before appellant objected. Appellant's objection was untimely because it was made after a substantially identical question was asked and answered.[23]  We hold, therefore, that appellant's objection was untimely and consequently failed to preserve his complaint for review, and we overrule appellant's third point.

Having overruled all of appellant's points, we affirm the trial court's judgment.

PER CURIAM

PANEL:  CAYCE, C.J.; GARDNER and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  August 27, 2009

---

[23] *See Luna*, 268 S.W.3d at 604.