COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-08-168-CR

 

 

QUALANE JAMES WILLIAMS                                                 APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM CRIMINAL
DISTRICT COURT NO. 2 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

Appellant Qualane James Williams appeals his
conviction for theft.[2]  We affirm.








On February 15, 2007, Tonya Bishop cashed her IRS
refund check for $6,287.  The next day,
appellant gave her a ride to run errands and to pay bills.  Approximately $3,600 in cash remained in
Tonya=s wallet
when they stopped at her apartment so she could run in to retrieve her cell
phone and use the bathroom.  Realizing
that she had left her wallet in appellant=s car,
she ran out to the parking lot only to find that appellant had gone.  When it became apparent that appellant was
not coming back, Tonya called the police. 
Fort Worth Police Detective Michael McCormick attempted several times to
call appellant but he never answered. 
The wallet was later found by a stranger and given to one of Tonya=s
friends who returned it to Tonya, but the more than $3,000 in cash was missing.

Appellant was charged with theft of property
valued at $1,500 or more but less than $20,000. 
A jury found him guilty, he pleaded true to the State=s
enhancement allegation, and after hearing evidence on the issue of punishment,
the trial court sentenced him to six years=
confinement.

In three points, appellant claims that the
evidence is factually insufficient to support the verdict, his trial counsel
was ineffective, and the trial court erroneously admitted hearsay.








In his first point, appellant contends that the
evidence is factually insufficient to support his conviction.  When reviewing factual sufficiency, we view
all the evidence in a neutral light, favoring neither party.[3]  We then ask whether the evidence supporting
the conviction, although legally sufficient, is nevertheless so weak that the
factfinder=s determination is clearly wrong
and manifestly unjust or whether conflicting evidence so greatly outweighs the
evidence supporting the conviction that the factfinder=s
determination is manifestly unjust.[4]  To reverse under the second ground, we must
determine, with some objective basis in the record, that the great weight and
preponderance of all the evidence, though legally sufficient, contradicts the
verdict.[5]

Appellant argues that the evidence is factually
insufficient because his testimony presented a Areasonable
hypothesis@ that Tonya is a spurned lover
who fabricated her story to punish him for breaking off their
relationship.  He also contends that
Tonya=s
credibility suffered because the State did not call the friend to whom the
wallet was returned as a corroborating witness.








In essence, appellant asks us to hold that the
evidence is factually insufficient because his testimony is more credible than
Tonya=s.  Under the appropriate standard of review,
however, unless the record clearly reveals that a different result is
appropriate, we must defer to the jury=s
determination of the weight to be given contradictory testimonial evidence
because resolution of the conflict Aoften
turns on an evaluation of credibility and demeanor, and those jurors were in
attendance when the testimony was delivered.@[6]  Thus, we must give due deference to the
factfinder=s determinations, Aparticularly
those determinations concerning the weight and credibility of the evidence.@[7]

Tonya=s
testimony and appellant=s testimony directly
conflict.  She testified that on February
16, 2007, he drove her around Fort Worth to run errands and stole her money
when she stopped briefly at her apartment. 
He testified that he had no contact with her and was not even in Fort
Worth after the first part of January 2007.








After reviewing all the evidence in a neutral
light, we find nothing in the record to warrant overturning the jury=s
resolution of the conflicting testimony in this case.  To the contrary, the record supports the jury=s
determination.  Although appellant
testified that his last contact with Tonya was weeks before she cashed her IRS
check, his arresting officer testified that on the way to jail, appellant
volunteered that Tonya had given him the money. 
Because the record does not clearly reveal that the jury=s
resolution of conflicts in the testimony is clearly wrong or manifestly unjust,
the evidence is factually sufficient to support the verdict.  We overrule appellant=s first
point.

In appellant=s second
point, he contends that his trial counsel was ineffective because he did not
call appellant=s parents to testify and he did
not introduce appellant=s cell phone records.

To establish ineffective assistance of counsel,
appellant must show by a preponderance of the evidence that his counsel=s
representation fell below the standard of prevailing professional norms and
that there is a reasonable probability that, but for counsel=s
deficiency, the result of the trial would have been different.[8]








In evaluating the effectiveness of counsel under
the first prong, we look to the totality of the representation and the
particular circumstances of each case.[9]  The issue is whether counsel=s
assistance was reasonable under all the circumstances and prevailing
professional norms at the time of the alleged error.[10]  Review of counsel=s
representation is highly deferential, and we indulge a strong presumption that
counsel=s
conduct fell within a wide range of reasonable representation.[11]

Appellant contends that his trial attorney did
not provide effective assistance because he did not call appellant=s
parents to testify and because he did not seek to introduce evidence of
appellant=s phone records to rebut
Detective McCormick=s testimony that he attempted
several times to call appellant=s cell
phone and appellant=s parents>
house.  Appellant testified that the
numbers Tonya gave Detective McCormick to call were the wrong numbers.  He argues that his parents would have
testified that they have had the same phone number for over ten years and that
the number is different from the one provided by Tonya in the police
report.  Appellant claims that his cell
phone records would have shown that he did not receive any calls from Tonya on
the day she claims he stole money from her.  He asserts that this evidence would have been
sufficient to cast serious doubt on Tonya=s
credibility and that its absence compromised his ability to present a defense.








Strategic and tactical decisions made after a
thorough investigation of the law and facts relevant to plausible options Aare
virtually unchallengeable.@[12]  On appeal, an appellant has the burden of
proving his ineffective-assistance claim by a preponderance of the evidence.[13]  We presume that counsel=s actions
and decisions were reasonably motivated by sound strategy.[14]  Appellant has the burden to rebut this
presumption by presenting evidence illustrating why trial counsel did what he
did.[15]  This burden generally cannot be met if the
record does not specifically address the reasons for trial counsel=s
conduct.[16]








Absent a proper evidentiary record, it is
extremely difficult to show that a trial counsel=s
performance was deficient.[17]  If counsel=s
reasons for his conduct do not appear in the record and there is at least the
possibility that the conduct could have been legitimate trial strategy, then
the reviewing court should defer to the counsel=s
decisions and deny any ineffective assistance claim.[18]

In this case, appellant did not file a motion for
a new trial, and consequently, there was no hearing to develop or criticize
trial counsel=s strategy.  After reviewing the record, we cannot say
that it shows that trial counsel=s
conduct fell below the standard set by Strickland.[19]  Therefore, we overrule appellant=s second
point.

In his third and final point, appellant complains
of the trial court=s allowing the State to
interject unsworn testimony by referring to the contents of Tonya=s phone
records, which were not admitted in evidence.

The following transpired during the State=s cross
examination of appellant:

Q.     Okay.  So would it
surprise you to know that in the phone records that we got from Tonya she
called you over 40 times after she called 911? 
That would shock you, right?

 

A.     No.

Q.     That
wouldn=t shock
you?

A.     No,
because she didn=t call me because I wasn=t in
Fort Worth.








Q.     Okay.  So that would have shocked you then?

A.     I=m not B B say it
again now.

Q.     Would you be surprised that her phone records from Sprint show
that she called you over 40 times after she called 911, that day, after you
stole her money?

 

MR. HAYDEN:  At this point I=ll object to referring to
evidence that=s not in the record,
Judge.

 

MS. WAGNER: 
He can B B he can
say just no.

THE COURT: 
It=s overruled.  He can answer yes or no.

THE
DEFENDANT:  No.

 

A timely and specific objection is required to
preserve error for appeal.[20]  In order to preserve a complaint for our
review, an objection must be made as soon as the basis for the objection
becomes apparent.[21]  If a defendant fails to object until after an
objectionable question has been asked and answered, and he can show no legitimate
reason to justify the delay, his objection is untimely, and any claim of error
is forfeited.[22]








The above portion of the record shows that
appellant answered the State=s
question, which was substantially identical to the question complained-of on
appeal, the prosecutor asked another one, appellant answered it, and the state
repeated the complained-of question before appellant objected.  Appellant's objection was untimely because it
was made after a substantially identical question was asked and answered.[23]  We hold, therefore, that appellant=s
objection was untimely and consequently failed to preserve his complaint for
review, and we overrule appellant=s third
point.

Having overruled all of appellant=s
points, we affirm the trial court=s judgment.

 

PER CURIAM

PANEL:  CAYCE, C.J.; GARDNER and
WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  August 27, 2009











[1]See Tex. R. App. P. 47.4.





[2]See Tex. Penal Code Ann. ' 31.03(a), (e)(4)(A)
(Vernon Supp. 2008).





[3]Neal v. State, 256 S.W.3d 264, 275
(Tex. Crim. App. 2008), cert. denied, 129 S. Ct. 1037 (2009); Watson
v. State, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006).





[4]Lancon v. State, 253 S.W.3d 699, 704
(Tex. Crim. App. 2008); Watson, 204 S.W.3d at 414B15, 417.





[5]Watson, 204 S.W.3d at 417.





[6]Johnson v. State, 23 S.W.3d 1, 8 (Tex.
Crim. App. 2000).





[7]Id. at 9.





[8]Strickland v. Washington,
466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); Salinas v. State, 163
S.W.3d 734, 740 (Tex. Crim. App. 2005).





[9]Thompson v. State, 9
S.W.3d 808, 813 (Tex. Crim. App. 1999).





[10]See Strickland, 466 U.S. at 688B89, 104 S. Ct. at 2065.





[11]Salinas, 163 S.W.3d at 740; Mallett
v. State, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001).





[12]See Wiggins v. Smith,
539 U.S. 510, 521, 123 S. Ct. 2527, 2535 (2003) (quoting Strickland, 466
U.S. at 690B91, 104 S. Ct. at 2066); see
also Patrick v. State, 906 S.W.2d 481, 495 (Tex. Crim. App. 1995), cert.
denied, 517 U.S. 1106 (1996).





[13]Jackson v. State, 877 S.W.2d 768, 771
(Tex. Crim. App. 1994).





[14]Id. 





[15]Id.





[16]Osorio v. State, 994 S.W.2d 249, 253
(Tex. App.CHouston [14th Dist.]
1999, pet ref=d).





[17]Gibbs v. State, 7 S.W.3d 175, 179 (Tex.
App.CHouston [1st Dist.] 1999,
pet ref=d).





[18]Murphy v. State, 112 S.W.3d 592, 601
(Tex. Crim. App. 2003), cert. denied, 541 U.S. 940 (2004).





[19]See Strickland, 466 U.S. at 688B89, 104 S. Ct. at 2065.





[20]Tex. R. App. P. 33.1; Luna
v. State, 268 S.W.3d 594, 604 (Tex. Crim. App. 2008), petition for cert.
filed, --- U.S.L.W. --- (U.S. Jan. 27, 2009) (No. 08-10144).





[21]Tex. R. Evid. 103(a)(1); Lagrone
v. State, 942 S.W.2d 602, 618 (Tex. Crim. App.), cert. denied,
522 U.S. 917 (1997); Polk v. State, 729 S.W.2d 749, 753 (Tex. Crim. App.
1987).





[22]Lagrone, 942 S.W.2d at 618.





[23]See Luna, 268 S.W.3d at 604.