Affirmed and Memorandum Opinion filed October 18, 2007








Affirmed and Memorandum Opinion filed October 18, 2007.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00968-CR

____________

 

VICTOR ALEJANDRO GARCIA, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 337th
District Court

Harris County, Texas

Trial Court Cause No. 1062987

 



 

M E M O R A N D U M   O P I N I O N

Appellant Victor Alejandro Garcia was convicted of
aggravated robbery and sentenced to twelve years= imprisonment.  In
three issues, appellant contends that (1) the evidence is legally insufficient
to prove that he used a firearm in the commission of the offense, (2) the
evidence is factually insufficient to prove that he was the gunman, and (3) his
counsel was ineffective for failing to object to an extraneous offense.  We
affirm.         








I.  Background

At around 10:30 p.m. on January 19, 2006, the complainant,
Noe Garcia (no relation to appellant) parked his truck in his apartment complex=s parking lot and
opened his door to get out when he saw a man standing nearby.  The man pointed
a black gun at the complainant=s chest from a distance of about a foot
and half and demanded his keys and wallet, which caused the complainant to fear
for his life.  Although the robber was wearing a hooded shirt, the hood did not
cover his face, which the complainant saw clearly with the aid of moonlight and
the lights in the parking lot.  One of the gunman=s two companions
said they should hurry and leave, and so the gunman took the complainant=s keys and some
money and left in the complainant=s truck.  The complainant
immediately called 911 and reported the robbery.

A few days later, police responded to a major freeway
accident.  Appellant had been driving the complainant=s truck and had
wrecked it badly, killing a passenger.  When the responding police realized the
wrecked vehicle was stolen, they notified the robbery division.  Robbery
investigators created a photo line-up with appellant=s picture and
showed it to the complainant, who identified appellant as the gunman.  The
complainant also identified appellant again at trial, stating that he had no
doubt that appellant was the gunman.  A jury convicted appellant, and this
appeal followed.

                                                                                                         II.  Analysis

A. 
Use of a Firearm








In his first issue, appellant argues the evidence is
legally insufficient to establish that he used a firearm in committing the
offense.  In evaluating a legal sufficiency claim attacking a jury=s finding of
guilt, we view the evidence in the light most favorable to the verdict.  Wesbrook
v. State, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000).  We do not ask whether
we believe the evidence at trial established guilt beyond a reasonable doubt.  Jackson
v. Virginia, 443 U.S. 307, 318B19 (1979). 
Rather, we determine only whether a rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt.  Cardenas v.
State, 30 S.W.3d 384, 389 (Tex. Crim. App. 2000).  In our review, we accord
great deference A>to the
responsibility of the trier of fact [to fairly] resolve conflicts in the
testimony, to weigh the evidence, and to draw reasonable inferences from basic
facts to ultimate facts.=@  Clewis v.
State, 922 S.W.2d 126, 133 (Tex. Crim. App. 1996) (quoting Jackson,
443 U.S. at 319).

A person commits an aggravated robbery if he uses or
exhibits a deadly weapon in the commission of a robbery.  Tex. Penal Code Ann. ' 29.03(a)(2)
(Vernon 2003).  When, as here, the State alleges in the indictment that the deadly
weapon the defendant used during the aggravated robbery was a firearm, it must
prove beyond a reasonable doubt that the deadly weapon was in fact a firearm.  See
Gomez v. State, 685 S.W.2d 333, 335B36 (Tex. Crim.
App. 1985); Arthur v. State, 11 S.W.3d 386, 389 (Tex. App.CHouston [14th
Dist.] 2000, pet. ref=d).  Though a gun can be a firearm, the
term Agun@ may include
non-lethal instruments such as BB guns, blow guns, pop guns, and grease guns.  Price
v. State, 227 S.W.3d 264, 266 (Tex. App.CHouston [1st
Dist.] 2007, no pet.); Arthur, 11 S.W.3d at 389.  The jury, however, is
free to draw reasonable inferences from the evidence, and absent any specific
indication to the contrary at trial, the jury can reasonably conclude that a Agun@ used in the
commission of a crime was a firearm.  See Price, 227 S.W.3d at 266; Carter
v. State, 946 S.W.2d 507, 510 (Tex. App.CHouston [14th
Dist.] 1997, pet. ref=d).








Here, the complainant testified that appellant pointed a Ablack gun@ at his chest from
a close distance and thereafter demanded his money and keys, causing the
complainant to fear for his life.  There was no indication at trial that the
gun appellant used was anything other than a firearm.  Further, the robbery
investigator confirmed at trial that when the complainant explained that the
robber had a Agun,@ he was referring to a firearm.  Under
these circumstances, the evidence is legally sufficient to support the jury=s conclusion that
the gun was a firearm.  See Price, 227 S.W.3d at 266B67 (finding
sufficient evidence that gun was firearm based on victims= testimony that
defendant pointed a gun in their face at close range during robbery and
demanded money, causing victims to fear he might kill them); see also
Edwards v. State, 10 S.W.3d 699, 701 (Tex. App.CHouston [14th
Dist.] 1999) (A[A]ppellant=s threatening the
[robbery] victims with the gun in itself suggests that it is a firearm rather
than merely a gun of the non-lethal variety.@), pet. dismissed,
improvidently granted, 67 S.W.3d 228 (Tex. Crim. App. 2002).  Accordingly,
we overrule appellant=s first issue.

B. 
Sufficiency of Identification Evidence








In his second issue, appellant argues the evidence is
factually insufficient to support the jury=s conclusion that
he was the robber who actually pointed the gun at the complainant.  In
conducting a factual sufficiency review of the jury=s determination,
we do not view the evidence Ain the light most favorable to the
prosecution.@  Cain v. State, 958 S.W.2d 404, 407 (Tex.
Crim. App. 1997).  Rather, we look at all evidence in a neutral light and will
reverse only if (1) the evidence is so weak that the finding seems clearly
wrong and manifestly unjust or (2) considering conflicting evidence, the
finding, though legally sufficient, is nevertheless against the great weight
and preponderance of the evidence.  See Watson v. State, 204 S.W.3d 404,
414B15 (Tex. Crim.
App. 2006).  However, to overturn a finding that is founded on legally
sufficient evidence, it is not enough that we may harbor a subjective level of
reasonable doubt.  See id. at 417.  We cannot conclude that a finding is
Aclearly wrong@ or Amanifestly unjust@ simply because,
on the quantum of evidence admitted, we would have voted differently had we
been the fact finder.  See id.  Nor can we declare that a conflict in
the evidence justifies a new trial simply because we may disagree with the fact
finder=s resolution of
that conflict.  See id.  Rather, before ordering a new trial, we must
first be able to say, with some objective basis in the record, that the great
weight and preponderance of the (albeit legally sufficient) evidence
contradicts the verdict.  See id.  Our evaluation should not intrude
upon the fact finder=s role to judge the weight and credibility
to be given to any witness=s testimony.  Cain, 958 S.W.2d at
408B09.

Appellant argues that the evidence is factually
insufficient to prove that he was the gunman because the complainant=s initial
description of the robbers to the police was vague and his later description of
their heights and weights conflicted with the description he gave of them at
trial.  Mere contradiction in a witness=s trial testimony
will not suffice to overturn a conviction for factual insufficiency.  Turner
v. State, 4 S.W.3d 74, 83 (Tex. App.CWaco 1999, no
pet.); see also Duncantell v. State, No. 14-04-00971-CR, __ S.W.3d __,
2007 WL 2034245, at *5 (Tex. App.CHouston [14th
Dist.] July 17, 2007, no pet. h.) (finding evidence factually sufficient,
noting that jury properly resolved any conflicts in officer=s trial
testimony).  Reconciliation of any evidentiary conflicts falls within the
exclusive province of the jury.  Heiselbetz v. State, 906 S.W.2d 500,
504 (Tex. Crim. App. 1995).  At trial, the complainant testified that the
gunman was only one and a half feet away from him and that even though the
gunman wore a hooded shirt, the hood did not cover his face.  The complainant
further explained that because of this, and because the parking lot was well
lit with security lights and moonlight, he was able to get a good look at the
gunman=s face and was
sure it was appellant.  We conclude the evidence is factually sufficient to
support the jury=s conclusion that appellant was the
gunman, and we overrule his second issue.

C. 
Assistance of Counsel








In his
third issue, appellant argues his trial counsel was ineffective for failing to
object to evidence he claims was inadmissible.  To prove ineffective assistance
of counsel, an appellant must show that (1) trial counsel=s representation failed to meet an
objective standard of reasonableness, based on prevailing professional norms,
and (2) the outcome of the proceeding would have been different but for counsel=s inadequate performance.  Strickland
v. Washington, 466 U.S. 668, 688B92 (1984); Thompson v. State,
9 S.W.3d 808, 812 (Tex. Crim. App. 1999).  We apply a strong presumption that
counsel was competent and that counsel=s actions were reasonably
professional and motivated by sound trial strategy.  Thompson, 9 S.W.3d
at 813; Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). 
To rebut this presumption, an appellant must prove, by a preponderance of the
evidence, that there is no plausible professional reason for a specific act or
omission.  Bone v. State, 77 S.W.3d 828, 836 (Tex. Crim. App. 2002).  An
appellant usually cannot meet this burden unless an evidentiary record is
developed to clearly show the reasons for counsel=s conduct.  See Osorio v. State,
994 S.W.2d 249, 253 (Tex. App.CHouston [14th Dist.] 1999, pet. ref=d).  In the absence of a proper
evidentiary record developed at a hearing on a motion for new trial or with an
affidavit from trial counsel, it is extremely difficult to show that counsel=s performance was deficient.  See
Freeman v. State, 125 S.W.3d 505, 506 (Tex. Crim. App. 2003); Tello v.
State, 138 S.W.3d 487, 495 (Tex. App.CHouston [14th Dist.] 2004), aff=d, 180 S.W.3d 150 (Tex. Crim. App. 2005).  When, as
here, appellant did not file a motion for new trial and thus presented no
affidavit or other evidence from counsel, we cannot conclude counsel=s representation was deficient unless
her action was so outrageous that no competent attorney would have engaged in
it.  Goodspeed v. State, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005).  We
therefore review appellant=s grounds for ineffective assistance applying the strong
presumption that counsel=s actions were reasonably professional and motivated by sound
strategy.  Thompson, 9 S.W.3d at 813.  








At trial, the State called Officer Rosalie Stafford, who
was one of the officers responding to the freeway accident involving appellant
driving the complainant=s truck.  At the beginning of her
testimony, she described her duties as to A[i]nvestigate all
major accidentsCaccident[s] involving fatalities and also
police cars or fire trucks.@  She then confirmed that the accident at
issue was a Amajor accident.@  Appellant claims
counsel was ineffective for failing to object to this testimony, which he
claims inflamed the jury by informing them that the accident resulted in a
death.  We disagree.  First, it is not clear that Officer Stafford=s testimony was
objectionable because she did not actually testify that the accident involved a
fatality; rather, her testimony could have been interpreted as merely providing
examples of the types of accidents she investigated.  Further, counsel could
have decided not to object because doing so would only emphasize the reference
to fatalities, which was already vague at best.  See Oliva v. State, 942
S.W.2d 727, 733 (Tex. App.CHouston [14th Dist.] 1997) (finding no
deficient performance from counsel=s failure to
object to prior conviction because his trial strategy could have been Ato avoid
over-emphasis of the conviction@), pet. dismissed, improvidently
granted, 991 S.W.2d 803 (Tex. Crim. App. 1998); Richards v. State,
912 S.W.2d 374, 381 (Tex. App.CHouston [14th Dist.] 1995, pet. ref=d) (concluding
that not objecting to avoid shifting focus of trial to be valid trial
strategy).  Because sound trial strategy could have motivated counsel=s decision not to
object, appellant has not met his burden of proving deficient performance.  See
Goodspeed, 187 S.W.3d at 392; Thompson, 9 S.W.3d at 813.  Thus, we
overrule appellant=s third issue.

Having overruled appellant=s three issues, we
affirm the trial court=s judgment.

 

 

/s/      Leslie B. Yates

Justice

 

Judgment rendered and Memorandum
Opinion filed October 18, 2007.

Panel consists of Justices Yates,
Seymore, and Edelman.*

Do Not Publish C Tex.
R. App. P. 47.2(b).

 

 

 









*  Senior Justice Richard H. Edelman sitting by assignment.